## JOHN A. CRAWFORD, APPELLANT, *v.* S. H. ROBERTS, RESPONDENT.

PLEADING—STATUTE OF LIMITATIONS OF ANOTHER STATE.—An answer which alleges that the note on which the action is based was executed in the State of California, and that the maker thereof was a resident of said state at the time of its execution, and has been ever since, is insufficient. Under section 26 of the code, in pleading the statute of limitation in force in another state, in bar of the action, it must be averred that the cause of action arose in that state, and was between non-residents of this state.

PROMISSORY NOTE—RELEASE OF ONE JOINT MAKER.—A release of one joint maker of a joint and several promissory note, by the holder thereof, operates as a discharge of all the joint parties to said note.

AFFIDAVIT FOR ATTACHMENT—ULTIMATE FACTS ONLY TO BE STATED.—Under the act of 1876, an affidavit for an attachment need not state the probative facts out of which the indebtedness of defendant arose, but it is sufficient if the ultimate facts required by the statute be shown as the basis of the writ.

APPEAL from Linn County. The facts are stated in the opinion.

*R. S. Strahan,* for appellant.

*Humphrey & Wolverton,* for respondent.

By the Court, PRIM, J.:

This was a several action against the respondent upon a joint and several promissory note, made, executed, and delivered by him and B. R. Freeland to the appellant, at San Francisco, California, on May 1, 1869.

To this cause of action the respondent undertook to set up two defenses: 1. That said note was executed and made payable in the state of California; that the respondent was, at the time of the making of said note, a resident thereof, and has been ever since, and now is a resident of said state, and the statute of limitation of the state of California is there set up in bar of said cause of action, to wit, four years, the statute being set out in proper form; 2. The second defense is that the respondent was discharged from his liability upon said note, on the ground that the appellant, for a valuable consideration, prior to the commencement of the

action, had agreed to discharge and did discharge the said Freeland, his co-joint maker, from all liability upon said note.

Both of these defenses were demurred to by the appellant, and said demurrer being overruled by the court, and the appellant electing to stand upon his demurrer, the court rendered judgment against him for costs, from which he has appealed to this court. A motion was also interposed by the respondent in the court below, to discharge the attachment, upon the ground of the insufficiency of the affidavit to authorize the issuance of the writ, which was sustained by the court.

The overruling of the demurrer to these defenses and the sustaining of this motion to dissolve the attachment, are the grounds of error complained of by the appellant. The first separate answer, we think, fails to contain facts sufficient in law to constitute a defense to the action, in this—it fails to show that the cause of action arose between non-residents of this state, which is an essential fact, that must be alleged in order to show that the action was barred in the state of California.

It is alleged that the note was executed in state of California and that the respondent was resident of said state, has been ever since, and now is, but it fails to allege that the appellant is now or ever was a resident of said state. And in this it is defective, and insufficient to bring the defense within the provisions of sec. 26, p. 109 of the Code. That section is in these words: "When the cause of action has arisen in another state * * * between non-residents of this state, and by the laws of the state where the cause of action arose an action can not be maintained thereon by reason of the lapse of time, no action shall be maintained thereon in this state." The demurrer of appellant to this defense we think was improperly overruled.

The facts alleged in the second separate answer we think are sufficient to constitute a defense to this action, and that the demurrer to said defense was properly overruled by the court. It is a well-settled rule of elementary law that "a release of one joint maker by the holder * * * will

discharge all the joint parties, for such a release is a complete bar to any joint suit, and no separate suit can be maintained in such case." (Story on Promissory Notes, sec. 425; Chitty on Bills, 314; 18 Pick. 414.)

The only remaining ground of error is based upon the ruling of the court in sustaining the motion of respondent to dissolve the attachment. This motion was based upon the insufficiency of the affidavit to authorize the clerk to issue the writ, and the court below entertaining this view, dismissed the attachment. The affidavit is in the language of the statute without undertaking to set out the probative facts necessary to establish the ultimate facts required by the statute to be shown as the basis of the writ. The present statute under which the attachment was issued was taken from the California practice act, and was adopted in 1876, and it is a familiar rule of construction that the legislature, in adopting the statute of another state, adopts along with it the judicial construction of that state, as understood at the time.

In *Wheeler* v. *Farmer*, 38 Cal. 215, the supreme court of California had the precise question presented here before it, and Justice Sprague, in passing upon the question, said: " Under our statute, it is the duty of the court in which the suit is commenced to issue the writ upon the filing by the plaintiff of an affidavit stating the ultimate facts in the language of the statute, together with an undertaking in amount and form as defined by statute. Upon such compliance with the statute, the plaintiff demands as a right the issuance of the writ, and in issuing the writ the clerk has no discretionary power. He but performs a ministerial duty in obedience to a plain statutory mandate." He then proceeds to comment on the New York authorities cited, holding that they are inapplicable to their statute. That in New York, to authorize the issuance of the writ, both under the revised statutes and the code, a state of facts had to be shown to the satisfaction of a judicial officer to whom the application was made. And in *Weaver* v. *Hayward*, 41 Cal. 117, on the same question being presented to the court, it was held that " the affidavit for an attachment need not

state the facts out of which the indebtedness of the defend-
ant to the plaintiff arose." We think the court erred in
dissolving the attachment on this ground.

The judgment of the court below is affirmed as to the
overruling of the demurrer to second defense, and reversed
as to first defense. It is therefore ordered that this cause
be remanded to the court below for further proceedings.