## SHEPPARD *v.* YOCUM, ET AL.

APPEAL.—An appeal lies from an order refusing to dissolve an attachment.
ATTACHMENT.—Under the statute, a writ of attachment is unauthorized in an action *in tort.* Whether, if the tort had been waived, and the action brought as for money had been received, an attachment would be authorized in such action, is not decided.

APPEAL from Yamhill County.

*Williams, Durham & Thompson,* for respondent.

*James McCain* and *George W. Yocum,* for appellants.

By the Court, LORD, J.:

This is an appeal from an order refusing to dissolve an attachment, and from the judgment entered in the cause after a trial and verdict upon the merits. Of the several errors assigned as affecting the judgment, after careful consideration we have reached the conclusion that none of them are sustained, and that the judgment must be affirmed.

The only other error relied on is the refusal of the court to dissolve the attachment. It is insisted by respondent that no appeal lies from this order, for the reason that such

order is not within the meaning or the purview of section 525 of the code, which prescribes that "an appeal only lies from an order affecting a substantial right, which, in effect, determines the action or suit so as to prevent a judgment or decree therein, or a final order affecting a substantial right, and made in a proceeding after judgment or decree," and that such order cannot be reviewed on an appeal from the judgment, for the further reason that the court, on an appeal from a judgment, under section 535 of the code, can only "review an intermediate order involving the merits, and necessarily affecting the judgment." This question has been answered both in the affirmative and negative by the supreme court of California, under provisions of their statute substantially like our own at the time such decisions were rendered.

In *Taaffe* v. *Rosenthal*, 7 Cal., 518, it was held an appeal will lie, after final judgment, from an order refusing to discharge an attachment; Baldwin, J., saying: "This objection would not seem to be well founded. It would practically destroy the appellate power of this court conferred by the constitution. If true, the defendant, however great may have been the injury sustained by him in consequence of the wrongful issuing of the attachment, could have no remedy when the order of the court below should be against him."

But in *Allender* v. *Fritz*, 24 Cal., 448, it was held that an appeal will not lie from an order refusing to dissolve an attachment, and that the court, on an appeal from a final judgment, cannot review such order; Sawyer, J., saying: "The attachment is merely a proceeding ancillary to the action, by which a party is enabled to acquire a lien for the security of his demand by a levy made before instead of after the entry of a judgment. This ancillary proceeding

may be taken at the time of the commencement of the action, or at any time afterwards. Neither the action nor the judgment, under our law, in any manner depends upon the attachment, although the attachment depends upon the action. The judgment in the case is precisely the same whether the attachment is dissolved or not. \* \* \* We could neither reverse nor modify the final judgment in any particular, in consequence of any error in the attachment proceedings. The provision—'upon an appeal from a final judgment the court may review any order involving the merits and necessarily affecting the judgment'—implies that it shall not review intermediate orders not affecting the judgment."

It appears, however, that since this last decision was made, that such orders have been made applicable by legislative enactment. (Code Civil Proc. Cal. sub. 3, sec. 939.) Upon principle, it would seem, when property has been wrongfully seized by attachment, the defendant ought not to be deprived of the right of appeal in the event the order of the court below should be against him, otherwise he might be subjected, in some instances, to great and irreparable injury. (*Robb* v. *Parker*, 4 Heisk., 72.) But, whether this be true or not, such an order has been held appealable in *Crawford* v. *Roberts*, 8 Or., 325. In this case, the court below sustained the motion for dissolving the attachment; and, upon appeal, this ruling or order was assigned as error, and held by the court to be error. As at present advised, we are of the opinion that an appeal will lie from an order refusing to dissolve an attachment.

And this brings us to the consideration of the question whether the court erred in refusing to dissolve the attachment issued in this cause. Under the statute, a writ of attachment may issue in an action upon a contract, expressed

or implied, for the direct payment of money. What is the cause of action upon which the attachment issued in the present case? It is an action to recover damages for the wrongful taking, carrying away, and conversion of the sum of $7,200, and, under the old forms of pleading, known as trover. It is, in fact, an action in tort, both in form and substance, and was so considered by counsel and treated by the court when this same cause of action was here at a former term. (*Sheppard* v. *Yocum,* 10 Or., 406, 418.) Whether an attachment would be authorized under the statute if the tort had been waived and the action brought as for money had and received, it is not necessary for us to consider, for the character of the action has already been determined and is the law of this case. As it is conceded that an attachment cannot issue upon an action *in tort,* it follows that it was error for the court to refuse to dissolve the attachment.

The order of this court is that the judgment of the court below be affirmed, with costs, but that the attachment be discharged.