[Decided June 29, 1893.]

## VAN VOORHIES *v.* TAYLOR.

[S. C. 33 Pac. Rep. 380.]

JUDGMENT — DECREE — ORDER DISSOLVING ATTACHMENT — CODE, §§ 535, 545.—
   An order dissolving an attachment when no judgment has been rendered
   in the main action is not a judgment, decree, or final order from which an
   appeal will lie under Hill's Code, § 535.

Union County: JAS. A. FEE, Judge.

This is an action brought by A. A. Van Voorhies
against E. G. Taylor, E. E. Taylor, and G. G. Taylor to
recover nine hundred and ninety-two dollars and fifty-
seven cents upon three promissory notes.   An affidavit for
an attachment, alleging that the payment of said sum had
not been secured by any mortgage, lien, or pledge upon
real or personal property, was filed, together with an
undertaking therefor.   A writ was thereupon issued and
the defendants' property attached.   The defendants, after
demurring to the complaint, filed a motion to dissolve the
attachment for the reason that a note for seven hundred

and fifty dollars had been pledged as collateral security for the payment of the notes upon which the action was brought. This motion was supported and resisted by affidavits and exhibits, whereupon the court granted the motion, and made an order dissolving the attachment, from which order the plaintiff appeals. Dismissed.

*J. W. Shelton*, for Appellant.

*Jas. D. Slater*, for Respondent.

MR. JUSTICE MOORE delivered the opinion of the court:

Will an appeal lie from an order dissolving an attachment, when no judgment has been rendered in the action, is the question presented by this record. An attachment is an auxiliary proceeding of statutory origin. A dismissal of the action or a judgment for the defendant necessarily dissolves it, but a dissolution of the attachment, while it may have the effect of rendering the judgment valueless, in no way affects the action. Attachment proceedings are purely statutory, and, as no appeal from an order allowing or denying a motion to dissolve an attachment is prescribed thereby, it cannot be entertained, unless it can be deemed a final order. Section 535, Hill's Code, provides that judgments and decrees may be reviewed, and defines a final order from which an appeal may be taken; and section 545 provides that upon appeal the appellate court may review any intermediate order involving the merits or necessarily affecting the judgment or decree appealed from. In *Crawford* v. *Roberts*, 8 Or. 324, this court held that an appeal from the judgment upon the merits brought up a motion to dissolve the attachment. This was followed in *Sheppard* v. *Yocum*, 11 Or. 234 (3 Pac. Rep. 824), in which LORD, J., says: "Upon principle, it would seem, when property has been wrongfully seized by attachment, the defendant ought not to be deprived of the right of

appeal in the event the order of the court below should be against him, otherwise he might be subjected, in some instances, to great and irreparable injury." Judgments upon the merits had been rendered in these cases, and the conclusion reached is fully warranted by section 545. The defendant against whom a judgment upon the merits had been rendered might have no valid defense to the action, and yet if property had been attached which was exempt, and his motion to dissolve the attachment had been denied, he would have the right to appeal from the judgment after it had been rendered, to try the question raised by his motion. The authorities upon the question of the right to appeal from an order dissolving or refusing to dissolve an attachment are not uniform, but the weight is against such an appeal: Elliot, Appellate Procedure, § 81. "There can be no appeal from an order in an attachment proceeding until after final judgment in the main action, and then only in connection with the judgment in such main action": *State* v. *Miller*, 63 Ind. 475; *Snavely* v. *Buggy Co.* 36 Kan. 106, (12 Pac. 522); *Forbes* v. *Porter*, 23 Fla. 47. An order dissolving an attachment cannot be denominated a judgment or decree within the meaning of section 535. The judgment relates to the cause of action made by the complaint, while the attachment proceedings are only auxiliary thereto. The statute not having provided for an appeal in such cases, and not being a final order in the action, the appeal must be DISMISSED.