## FARMERS' BANK *v.* KEY.

[54 Pac. 206]

1. APPEALABLE ORDER.— An intermediate order dissolving an attachment is not appealable. *Van Voorhies* v. *Taylor*, 24 Or. 247, followed.

2. APPEAL FROM ONLY PART OF JUDGMENT.— A law judgment is not severable, so that if a party wishes to appeal at all he must appeal from the entire judgment, and the supreme court, under sections 544 and 545 of Hill's Ann. Laws, can make such orders as may be appropriate concerning both final and interlocutory proceedings. *Van Voorhies* v. *Taylor*, 24 Or. 247, and *Bush* v. *Mitchell*, 28 Or. 92, applied.

From Umatilla :   STEPHEN A. LOWELL, Judge.

Actions by the Farmers' Bank of Weston against H. Key, and against H. & J. H. Key on promissory notes. Plaintiff appeals from the judgments entered.

DISMISSED.

*Messrs. Stillman & Pierce* for appellants.

*Messrs. Carter & Raley* for respondents.

MR. JUSTICE BEAN delivered the opinion.

In January, 1897, the plaintiff brought an action against the defendants Key to recover upon a promissory note. A writ of attachment was issued, and certain shares in the capital stock of plaintiff, owned by the defendants, were attached by leaving a certified copy of the writ, and a notice specifying the property attached, with the plaintiff's cashier and secretary. On June 14, 1897, the attachment was, on motion of the defendants, dis-

solved by the court below, on the ground that the plaintiff could not be garnished in an action brought by itself. On the 2d of July the plaintiff moved to vacate and cancel such order, and on the 9th of the same month moved for a judgment by default against the defendants, and for an order for the sale of the attached property. On July 26th the court overruled the motion to vacate, and so much of the motion for a default as prayed for an order for the sale of the attached property; but in all other respects the latter motion was allowed, and a judgment entered accordingly for the amount prayed for in the complaint.

On December 13, 1897, the plaintiff attempted to appeal by serving and filing a notice, which, after the venue, title, and address to the defendants and their attorneys, is as follows: "You will please take notice that the above-mentioned plaintiff appeals to the supreme court of the state of Oregon from that judgment and order entered in the circuit court of the state of Oregon for Umatilla County, in the above-entitled action, on the fourteenth day of June, A. D. 1897, which judgment and order is in form and words substantially as follows, towit: 'It is therefore now here ordered by the court that all the shares of capital stock of the Farmers' Bank of Weston mentioned in the sheriff's return, and in the return of C. M. Pierce, cashier and secretary of the Farmers' Bank of Weston, aforesaid, on the writ of garnishment and writ of attachment, to which said writ of garnishment is attached, be, and the same are hereby, released from any and all lien or supposed lien of attachment and garnishment in this action, and as to said shares of stock the attachment and garnishment of plaintiff is hereby dissolved, but no further.' And from that part of the judgment and order of the circuit court of the state of Oregon made and entered in the above-

entitled action on the twenty-sixth day of July, A. D. 1897, in form and words substantially as follows, towit: 'It is considered, ordered, and adjudged: (1) That the motion filed herein on the second day of July, A. D. 1897, and moving the court to set aside and vacate the certain order of this court made herein on the —— day of June, A. D. 1897, directing that certain shares of the capital stock of the Farmers' Bank of Weston should be released from any and all lien of attachment and garnishment in this action, is overruled and denied. (2) It is further ordered and adjudged that that part of the motion herein filed on the ninth day of July, A. D. 1897, asking for an order for the sale of property heretofore attached by garnishment herein, towit, certificates numbered 40 and 59, of the face value of $1,000 each, and of the aggregate value of $2,000, of the capital stock of the Farmers' Bank of Weston, is overruled and denied.' And you are hereby notified that said plaintiff hereby appeals from the whole and every part of each of said orders and judgment, and upon this appeal the plaintiff relies upon the following errors, towit: [Setting out as error (1) the order of June 14, 1896, dissolving the attachment; and (2) the order of the court of date July 26, 1897, overruling the plaintiff's motion to vacate the former order, and refusing to direct a sale of the attached property]."

The defendants now move to dismiss the appeal, and, in our judgment, the motion must be sustained, because: First, the order of June 14, 1897, dissolving the attachment, is not an appealable order *(Van Voorhies* v. *Taylor,* 24 Or. 247, 33 Pac. 380); and, second, the remaining portion of the notice is an attempt to appeal from a portion only of an entire judgment at law,— a proceeding unauthorized by our statute. The judgment rendered by the circuit court in favor of the plaintiff is an entirety,

and the plaintiff cannot sever it, leaving the portion favorable to itself in force in the circuit court, and appeal from the remainder. The statute does not authorize the review by the appellate court of such a judgment by piecemeal. The appeal must bring up the whole judgment, in order to give the court jurisdiction over any part of it. On such an appeal the court may reverse, modify, or affirm the judgment appealed from in the respect mentioned in the notice, and may also review any intermediate order involving the merits, and necessarily affecting the judgment: Hill's Ann. Laws, §§ 544, 545. The proper practice in the case at bar would have been for the plaintiff to have appealed from the whole of the final judgment in the court below, assigning as error the intermediate order dissolving the attachment, and the refusal of the court to order a sale of the attached property in the judgment, and any other alleged error upon which it expected to rely on such an appeal. But it cannot give this court jurisdiction to review that portion adverse to it without appealing from the whole judgment: *Crawford* v. *Roberts*, 8 Or. 325; *Sheppard* v. *Yocum*, 11 Or. 234 (3 Pac. 824); *Van Voorhies* v. *Taylor*, 24 Or. 247 (33 Pac. 380); *Bush* v. *Mitchell*, 28 Or. (92 41 Pac. 155); *Barkley* v. *Logan*, 2 Mont. 296. It follows that the appeal must be dismissed, and it is so ordered.

Dismissed.

Decided at Pendleton, 13 August; rehearing denied 17 October, 1898.