GIANT POWDER CO. *v.* OREGON WESTERN RY. CO.

[101 Pac. 209;   103 Pac. 501.]

APPEAL AND ERROR—APPEALABLE ORDERS—SUSTAINING DEMURRER.

1. An appeal does not lie from an order sustaining a demurrer to a complaint; such order not being a determination of the action.

APPEAL AND ERROR—APPEALABLE ORDERS—"ACTION"—"SUIT"—"COMPLAINT."

2. A "suit" or "action" being "the lawful demand of one's right in a court of justice" while a "complaint" is, under Section 67, B. & C. Comp., a plain and concise statement of the facts constituting the cause of action or suit, the dismissal of the complaint on the sustaining of a demurrer thereto does not necessarily discharge the lawful demand so as to terminate the action and permit an appeal from the order of dismissal.

From Douglas: JAMES W. HAMILTON, Judge.

ON MOTION TO DISMISS.

*Mr. William D. Fenton* and *Mr. Rufus A. Leiter,* for the motion.

*Mr. John F. Logan* and *Mr. John C. Shillock, contra.*

1. PER CURIAM: This suit was brought to foreclose a lien on the right of way and roadbed of defendant railway company for materials furnished a grading contractor. The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of suit.   The demurrer was sustained.   The entry of the record is as follows: "After consideration of the briefs filed in said cause, it is ordered and adjudged that said demurrer be and is hereby sustained." The plaintiff appealed to this court from such order, and the transcript was filed in due time.   Thereafter the abstract and briefs were filed, and the cause came on for hearing in the regular order, whereupon defendant moved to dismiss the appeal, because it was prematurely taken.

We have no alternative but to sustain the motion. The order for which an appeal will lie is one which not only affects a substantial right of the party appealing, but which, in effect, determines the action or suit. It must conclude the parties as regards the subject-matter in the proceeding then pending: *Henderson* v. *Morris,* 5 Or. 24; *State* v. *Security Savings Co.* 28 Or. 410 (43 Pac. 162) ; *Marquam* v. *Ross,* 47 Or. 374 (78 Pac. 698: 83 Pac. 852: 86 Pac. 1) ; *Sears* v. *Dunbar,* 50 Or. 36 (91 Pac. 145). The order from which the appeal is taken in this case does not have that effect. It merely sustains the demurrer, without finally determining the suit in any way. The court still had jurisdiction of the case, with authority at its discretion to allow the complaint to be amended or a new pleading to be filed: Section 101, B. & C. Comp. Some further action of the court was necessary and required before the determination, as to the sufficiency of the complaint, could become final in the sense of the statute governing appeals. As said by Mr. Justice MCARTHUR, in a similar case: "There must be a judgment in the technical sense of the word on the demurrer" : *State* v. *Brown,* 5 Or. 119. And no such judgment or decree was rendered or made prior to the appeal.

The motion is allowed, and the appeal dismissed.

                                                    DISMISSED.

---

Decided July 27, 1909.

## ON PETITION FOR REHEARING.

[103 Pac. 501]

2. PER CURIAM : This is a petition for a rehearing, in which plaintiff's counsel insist that in dismissing the appeal in this cause an error was committed. The trial court sustained a demurrer to the complaint, from which order the plaintiff, without procuring a decree dismissing the suit, attempted to appeal. Its abstract and the briefs of the respective parties were

filed, and the cause came on for hearing March 11, 1909, at which time a motion was interposed to dismiss the appeal on the ground that the order was not final.  Supplemental to the motion there was filed with the clerk of this court a duly authenticated copy of an order made in this cause May 22, 1908, by the lower court dismissing the complaint.   Considering the motion, the appeal was dismissed (*Giant Powder Co.* v. *Oregon Western Ry. Co.* 101 Pac. 209), and upon a re-examination of the question we are convinced that the conclusion reached is warranted by the condition of the record.

A suit is pending in the trial court until it is regularly determined by a final decree.   An order sustaining a demurrer to a complaint may be a preliminary action which ultimately induces or necessitates a conclusion of a cause; but, until dismissed by a judgment or a decree, the action or suit is still pending in that court.   The order of May 22, 1908, does not purport to dismiss the suit, but only the complaint.   The statute makes a distinction between "actions" and "suits."   An "action" is a proceeding at law to enforce a private right or to redress a private wrong (Section 1, B. & C. Comp.) ; but in equity the compulsion for that purpose is known as a "suit": Section 390, B. & C. Comp.   "A suit or action, according to its legal definition, is the lawful demand of one's right in a court of justice": 1 Words & Phrases, 129.   In pleading a "complaint" is a plain and concise statement of the facts constituting the cause of action or suit: Section 67, B. & C. Comp.   A distinction is thus made between a "complaint" and a "suit" or an "action," and, when a demurrer to a complaint is sustained, the "lawful demand" referred to is not necessarily discharged, for an amendment of the pleading may be allowed: Section 200, B. & C. Comp.   Dismissing a complaint therefore does not inevitably terminate the suit or action.

It must be conceded that the construction thus given is quite restricted; but as the order of May 22, 1908, was procured without notice to the plaintiff, and as its counsel had no knowledge thereof until more than six months had elapsed after its entry, so that an appeal therefrom is barred if the cause was thus finally terminated, the defendant's counsel should be governed by the technical rule which they have invoked. Nor can a *nunc pro tunc* order be now made so as to effect a dismissal of the suit as of the date of the order dismissing the complaint, thereby preventing an appeal, for the latter order expressly states that it was made upon motion to dismiss the complaint, and hence no error was made in entering the order.

Since this suit is still undetermined in the lower court, notwithstanding the complaint was dismissed, we are compelled to adhere to our former ruling.

DISMISSED: REHEARING DENIED.