Submitted March 22, decided April 12; rehearing denied June 14, 1910.

## CLAY v. CLAY.

[108 Pac. 119; 109 Pac. 129.]

DIVORCE—APPEALABLE ORDERS—ALIMONY—DISSOLUTION OF MARRIAGE.

1. Under Section 547, B. & C. Comp., providing that an order affecting a substantial right, and which in effect determines the suit, so as to prevent a decree therein, is final, and may be reviewed on appeal, an order in a suit by a husband to dissolve the marriage, awarding the wife alimony to enable her to make a defense, pursuant to Section 512, B. & C. Comp., is not final, where the suit remains undetermined, and hence was not reviewable on direct appeal, though it would be reviewable on appeal from the final decree.

APPEAL AND ERROR—RIGHT TO APPEAL—GOVERNED BY STATUTE.

2. The right to appeal cannot be extended to cases not falling within the terms of some statute.

CONSTITUTIONAL LAW—DUE PROCESS OF LAW—ORDER NOT APPEALABLE.

3. The constitutional guaranty that every man shall have remedy by due course of law for injury to him in person, property, or reputation is fulfilled by the adjudication of the circuit court in making an order for suit money in a divorce suit, though the order is not appealable.

ON MOTION TO DISMISS.

From Jackson:   HIERO K. HANNA, Judge.

This is a suit by W. S. Clay against Alzire Clay to dissolve the marriage contract.   From an order allowing the defendant $500 to enable her to make a defense, the plaintiff appeals.   Respondent moves to dismiss appeal.

DISMISSED.

*Mr. Robert G. Smith,* for the motion.

*Mr. W. E. Phipps, contra.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. This is a motion to dismiss an appeal.   The facts are that this suit was begun by the husband to have his marriage contract dissolved.   The defendant answered the complaint, and interposed a motion, supplemented by affidavits, for an allowance of money to enable her properly to make a defense.   Based on her application, the judge, pursuant to the provisions of the statute (Section 512, B. & C. Comp.), ordered the plaintiff to pay the sum of $500 and he appeals.

It is argued by defendant's counsel that the order complained of is not final, and therefore unappealable.   An order affecting a substantial right, and which in effect determines the suit, so as to prevent a decree therein, is final, and may be reviewed on appeal.   Section 547, B. & C Comp.   So far as disclosed by the transcript, no decree granting or denying the divorce has been rendered.   The order herein is not void, and, having been made prior to any final decree, it is merely interlocutory, and for that reason no appeal lies.   *Sterling* v. *Sterling,* 43 Or. 200, 204 (72 Pac. 741) ; *Kesler* v. *Nice,* 54 Or. 585 (104 Pac. 2).   The plaintiff is not remediless, however; for, when the cause is finally determined, and intermediate order affecting a substantial, right may be reviewed on appeal.

*Van Voorhies* v. *Taylor,* 24 Or. 247 (33 Pac. 380) ; *Farmers' Bank* v. *Key,* 33 Or. 443 (54 Pac. 206).

It follows that the appeal should be dismissed, and it is so ordered.                                   DISMISSED.

Decided June 14, 1910.

ON PETITION FOR REHEARING.

[109 Pac. 129.]

2. At the time the opinion was written, appellant's brief upon the motion to dismiss was not before us. He now moves for a rehearing upon that ground, and we have considered the motion anew. The question involved had not been passed upon before by this court, and we find that the courts of several states have held that such an order is final, or affects a substantial right, and therefore is appealable. *Sharon* v. *Sharon,* 67 Cal. 185, 195 (7 Pac. 456, 635: 8 Pac. 709), is a leading case so holding, but by a divided court, the conclusion being based largely upon the language of the constitution granting appeals in all "cases in equity," and holding that the appellate court has jurisdiction of all proceedings taken by the superior court in equity. The same is held in *Hecht* v. *Hecht,* 28 Ark. 92, but the constitution in that state confers upon the supreme court general supervision over inferior courts. The same is held in *Locknane* v. *Locknane,* 78 Ky. 468; *Golding* v. *Golding,* 74 Mo. 123; *Blake* v. *Blake,* 80 Ill. 523. 1 Ency. Pl. & Pr. 446, states it to be the general rule that such an order is appealable, although in some jurisdictions it is held not final, but only interlocutory, and therefore not appealable. On the contrary, the following cases hold that such an order is not a final order and is not appealable within the constitution or statute defining the jurisdiction of the supreme court. In some cases it is held that such an order is entirely within the discretion of the trial court, and not subject to review, viz.: *Wyatt* v. *Wyatt,* 2

Hasb. (Idaho) 236 (10 Pac. 228) ; *Malony* v. *Malony,* 9
Rob. (La.) 116; *Chappell* v. *Chappell,* 82 Md. 647 (33 Atl.
650) ; *Moncrief* v. *Moncrief,* 10 Abb. Prac. (N. Y.) 315;
*Aspinwall* v. *Aspinwall,* 18 Neb. 463 (25 N. W. 623) ;
*Earls* v. *Earls,* 26 Kan, 178; *Call* v. *Call,* 65 Me. 407; *Lap-
ham* v. *Lapham,* 40 Mich. 527, 528; *Earp* v. *Earp,* 54 N. C.
120; *Pearson* v. *Pearson,* Peck (Tenn.) 28.

In *Ross* v. *Ross,* 47 Mich. 185 (10 N. W. 193), it is said
that, as there is no right of appeal in such a case, defend-
ant may appeal from an order of imprisonment for con-
tempt for disobedience of the order.   The editor of the
Central Law Journal (volume 21, p. 82) questions the cor-
rectness of the decision in *Sharon* v. *Sharon,* 67 Cal. 185,
195 (7 Pac. 456, 635: 8 Pac. 709), to the effect that an
order *pendente lite* in a divorce proceeding is a final judg-
ment within the meaning of a statute granting appeals.
14 Cyc. 802, states that the jurisdiction of appellate courts
in cases of the allowance of alimony is controlled largely
by statute, but that, under statutes in some states, orders
for temporary alimony and attorney fees *pendente lite* are
not appealable before the final determination of the suit.
Thus it appears that the authorities are in irreconcilable
conflict upon this question.   The conflict cannot all be
attributed to the difference in the statutes.   By our con-
stitution (Article VII, Section 6) "the Supreme Court
shall have jurisdiction only to revise the final decisions of
the circuit courts."   It is held in *Shirley* v. *Birch,* 16 Or.
1, 4 (18 Pac. 344, 345), that "finality must be put to the
suit by the circuit court before an attempt can properly
be made to have the decision therein revised here."   The
right of appeal is statutory, and cannot be extended to
cases not falling within the terms of the statute.   *State* v.
*Security Savings Co.,* 28 Or. 410, 417 (43 Pac. 162) ;
*School District* v. *Irwin,* 34 Or. 431, 436 (56 Pac. 413) ;
*Kadderly* v. *Portland,* 44 Or. 118, 156 (74 Pac. 710: 75
Pac. 222.)   The constitution provides for appeal only

from the final decision in the case.   Section 547, B. & C. Comp., declares that certain orders shall be deemed judgments or decrees for the purpose of appeal, and only includes one class of orders made prior to final judgment, viz.: "An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein."   Therefore an interlocutory order for suit money in a divorce suit is not within that provision, and appeal therefrom is not provided for. *Kadderly* v. *Portland,* 44 Or. 118, 156 (74 Pac. 710: 75 Pac. 222) ; *Sears* v. *Dunbar,* 50 Or. 36 (91 Pac. 145) ; *Giant Powder Co.* v. *Oregon Western Ry. Co.,* 54 Or. 325 (101 Pac. 209: 103 Pac. 501.)

3. The argument advanced in favor of a right of appeal in such cases, to the effect that the order of the trial court may work a great hardship upon the party against whom it is made, if appeal is not allowed, has but little merit, for there is a right of appeal in no case except as provided by statute.   The constitutional guaranty that "every man shall have remedy by due course of law for injury done him in person, property or reputation" is fulfilled by the adjudication of the circuit court.   *School District* v. *Irwin,* 34 Or. 431 (56 Pac. 413.)   However, every intermediate order made by the trial court affecting a substantial right may be reviewed upon appeal from the final decree, and the court may direct complete restitution of all property and rights lost thereby.   Section 557, B. & C. Comp.   *Van Voorhies* v. *Taylor,* 24 Or. 247 (33 Pac. 380) ; *Oregon* v. *Portland General Electric Co.,* 52 Or. 502, 513 (95 Pac. 722: 98 Pac. 160.)   And, if the review in that manner is not adequate or is ineffectual, relief must be sought at the hands of the legislature.

The motion is denied.

DISMISSED: REHEARING DENIED.