Submitted at Pendleton, on motion to dismiss filed June 9, allowed
July 19, 1921.

# CARMICHAEL *v.* CARMICHAEL.

(199 Pac. 385.)

**Divorce—Only Plain Abuse of Discretion in Vacating Decree will
be Reviewed.**

1. Under Section 103, Or. L., providing that the court may in
its discretion and on such terms as may be just allow an answer to
be made or other act done after the time limited by the Code,
and, within one year after notice thereof, relieve a party from a
judgment taken against him through his mistake, inadvertence,
surprise or excusable neglect, it is only a plain abuse of discretion
in vacating a decree of divorce that will be reviewed.

**Judgment—Discretion of Court to Relieve Party from Judgment
Taken Through Excusable Neglect must not be Arbitrarily
Exercised.**

2. Under Section 103, Or. L., providing that the court may, in
its discretion and on such terms as may be just, allow an answer
to be made after the time limited by the Code, and, at any time
within one year after notice thereof, relieve a party from a judg-
ment or order taken against him through his mistake, inadvertence,
surprise or excusable neglect, the discretion of the court must not
be arbitrarily exercised; it being a legal discretion, to be exercised
in conformity to the spirit of the law, and not to defeat the sub-
stantial ends of justice.

**Judgment—Party Seeking Relief from Judgment Taken Through
Excusable Neglect must Show Reasonable Vigilance, Though
Allowed a Year to Assert Rights.**

3. Under Section 103, Or. L., providing that the court may in its
discretion allow an answer to be made after the time limited, and,
within one year after notice thereof, relieve a party from a judg-
ment taken against him through his mistake, inadvertence, surprise
or excusable neglect, a defendant must show reasonable vigilance,
notwithstanding the statute gives him a year within which to assert
his rights.

**Divorce—To Set Aside Default Decree on Ground of Duress or
Intimidation, Applicant must Show That She Could not have
Protected Herself by Reasonable Diligence.**

4. Under Section 103, Or. L., providing that the court may allow
an answer to be made after the time limited by the Code, and,
within one year after notice thereof, relieve a party from a judg-
ment taken against him through his mistake, inadvertence, surprise
or excusable neglect, the court will not vacate a divorce decree

1. Power of court to vacate divorce decree for fraud, see note
in 18 **Ann. Cas.** 1002.

4. Proceedings for, and effect of, annulling and vacating divorce
decree, see note in 61 **Am. Dec.** 459.

against a defendant, unless convinced that she acted in good faith, that plaintiff's duress or intimidation, by which she seeks to excuse herself, was the real cause of her suffering default, and that notwithstanding its existence she could not have protected herself by the exercise of reasonable diligence; an application to open or set aside such an adjudication being an appeal to the equitable power of the court, requiring that the applicant proceed with promptness.

**Divorce—Whether Applicant to Set Aside Default Decree on Ground of Excusable Neglect Acted Promptly for Trial Court.**

5. On an application to set aside a default decree of divorce on the ground of excusable neglect, whether the applicant proceeded with promptness was for the trial court.

**Divorce—Statute Permitting Vacation of Judgments Taken Through Mistake, Excusable Neglect, etc., Applicable to Divorce Decrees.**

6. Section 103, Or. L., under which a court may allow an answer to be made or other act done after the time limited by the Code, and, within one year after notice thereof, relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, applies to divorce decrees; but the court should consider the effect of such an order on innocent third persons.

**Divorce—Decree Should not be Annulled, Except on Clear Showing of Excusable Neglect or Other Statutory Ground.**

7. A judgment being a finality finally terminating disputes and adjusting the adverse interests of litigants, a divorce decree, which, under Section 103, Or. L., may be vacated, if taken through mistake, inadvertence, surprise or excusable neglect, should not be annulled, except on due consideration, based on a clear showing, though the statute is remedial, and intended to furnish a simple, speedy, and efficient means of relief in such cases.

**Judgment—Should not be Annulled, Except on Clear Showing.**

8. A judgment, being a finality finally terminating the disputes and adjusting the adverse interests of litigants, should never be annulled, except on due consideration, based on a clear showing.

**Divorce—Order Vacating Decree not Appealable, Though Erroneous, Where Court had Jurisdiction.**

9. Where a court had jurisdiction of the parties and subject matter of a motion to vacate a divorce decree on the ground of excusable neglect, its action in ordering the decree set aside was not void, and hence not appealable, even if erroneous; the cases in which appeals may be taken and the methods of procedure therein being such only as the law provides, and the disposition of the appeal not depending on the justice or wisdom of the court's order.

**Appeal and Error—Order Vacating Decree not Reviewable Under Statute.**

10. Under Section 548, Or. L., providing that an order affecting a substantial right, which in effect determines the action, so as to prevent a judgment or decree therein, or such an order made in a proceeding after judgment or decree, or an order setting aside a

judgment and granting a new trial, shall be deemed a judgment or decree which may be reviewed, the appellate court cannot pass on the merits of an appeal from an order vacating a divorce decree and permitting defendant, against whom such decree was entered, to file an answer; such action being reviewable only on appeal from the final decree.

From Umatilla: GILBERT W. PHELPS, Judge.

In Banc.

On September 10, 1920, George B. Carmichael filed in the Circuit Court of the State of Oregon in and for Umatilla County a suit for divorce, against Mabel E. Carmichael, his wife. On that date the defendant wife was served with process and acknowledged service of the same, and immediately thereafter appeared in the suit by her attorney, who filed a demurrer to the complaint. The cause was heard on the same date. At the hearing the defendant, by her attorney, withdrew the demurrer. After the testimony was heard, the court took the matter under advisement, and, on September 23, 1920, entered a decree "forever dissolving the bonds of matrimony existing between the plaintiff and defendant."

In March, 1921, the defendant filed a motion for an order vacating the divorce decree, and for permission to file an answer. With this motion she tendered her answer, together with an affidavit of merit. Thereupon, the court made an order directing the plaintiff, George B. Carmichael, to appear before the court at Pendleton, Umatilla County, Oregon, and show cause why said motion should not be allowed. On May 16, 1921, the court granted the motion, vacated and set aside the divorce decree, and permitted the defendant to file her answer. From that order the plaintiff appeals to this court. The defendant now moves to dismiss the appeal.          ALLOWED.

*Messrs. Raley, Raley & Steiwer* and *Mr. H. J. Warner*, for the motion.

*Messrs. Fee & Fee* and *Mr. John L. Sharpstein, contra.*

BROWN, J.—The question to be decided here is: "Did the Circuit Court have jurisdiction of the subject matter when it made the order vacating the decree annulling the marriage contract existing between the plaintiff and defendant?" If so, the order is not appealable. If the court was without jurisdiction, the order is void and by the uniform ruling of the many precedents by this court such an order is appealable.

The defendant based her motion upon Section 103, Or. L., providing that:

"The court may * * in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done after the time limited by this Code, or by an order enlarge such time; and may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

1, 2. Upon a proper application, if supported by a sufficient showing, the court is empowered by the provisions of the statute quoted to relieve the defendant from the effects of the divorce decree. It is only a plain abuse of discretion reposed in the court by the statute in vacating that decree that will be reviewed. The discretion of the trial court must not be arbitrarily exercised. It is a legal discretion, to be exercised in conformity to the spirit of the law and not to defeat the substantial ends of justice: *Thompson* v. *Connell*, 31 Or. 231, 232 (48 Pac. 467, 65 Am. St. Rep.

818); *Hanthorn* v. *Oliver,* 32 Or. 57, 62 (51 Pac. 440, 67 Am. St. Rep. 518); *Coos Bay Nav. Co.* v. *Endicott,* 34 Or. 573 (57 Pac. 61); *Nye* v. *Bill Nye Milling Co.,* 46 Or. 302, 305 (80 Pac. 94); *McCoy* v. *Huntley,* 53 Or. 229, 236 (99 Pac. 932); *Wallace* v. *Portland Ry., L. & P. Co.,* 88 Or. 219, 224 (159 Pac. 974, 170 Pac. 283).

In the case of *Bailey* v. *Taaffe,* 29 Cal. 422, cited in a valuable note in 58 Am. Dec. 393, 394, it was said:

"The discretion intended, however, is not a capricious or arbitrary discretion but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion to be exercised *ex gratia,* but a legal discretion to be exercised in conformity to the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. In a plain case this discretion has no office to perform, and its exercise is limited to doubtful cases where an impartial mind hesitates. If it be doubted whether the excuse offered is sufficient or not, or whether the defense set up is with or without merit, *in foro legis,* when examined under those rules of law by which judges are guided to a conclusion, the judgment of the court below will not be disturbed. If, on the contrary, we are satisfied beyond a reasonable doubt that the court below has come to an erroneous conclusion, the party complaining of the error is * * entitled to a reversal * * ."

3. It is a general rule of law that before a defendant can excuse himself under the wholesome provisions of Section 103, he must show reasonable vigilance, notwithstanding the statute gives him a year within which to assert his rights.

"It is not sufficient for the applicant to show a case within the statute of relief and a good defense on the merits. He must also show proper diligence in prosecuting his remedy.

"Where it appears that he has been guilty of laches the application will be denied, as a negligent delay

after knowledge of the facts operates as a waiver of the irregularities.

"The rule requiring diligence in applying for relief obtains without distinction at law and in equity.

"It does not follow that a party shows due diligence because he makes an application before the expiration of the time named in the statute. The applicant must show even then that he acted promptly in seeking his remedy.

"Where the rights of third parties may be infringed, unusual diligence will be required." 6 Ency. Pl. & Pr. 189–192.

To similar effect is 1 Black, Judgments, 313; 15 Stand. Proced. 213, 214.

It was said by this court in the case of *Coast Land Co.* v. *Oregon Col. Co.*, 44 Or. 483, 490 (75 Pac. 884):

"It is the duty of a party against whom a judgment has been wrongfully rendered to exercise reasonable diligence, after knowledge thereof, in procuring its vacation, and his inexcusable laches and delay will preclude him from obtaining the relief sought. In such case the party making the application is required to act in good faith and with reasonable diligence. If he has knowingly acquiesced in the judgment, or been guilty of unreasonable delay in seeking his remedy, relief will be denied him."

4, 5. The defendant's actual assigned reason for her default in the instant case is excusable neglect caused by plaintiff's duress or intimidation. Excusable neglect embraces a multitude of omissions. But no matter what the alleged cause upon which she seeks to have the judgment against her vacated, the court will not relieve her unless convinced that she acted in good faith and that the act of the plaintiff by which she seeks to excuse herself was the real cause of her suffering default, and that notwithstanding its existence she could not have protected herself by the exer-

cise of reasonable diligence: 1 Freeman on Judgments, § 114.

6. It is generally held that an application to open or set aside an adjudication such as in the instant case is an appeal to the equitable power of the court, and one of the cardinal requirements in such a proceeding is that the applicant proceed with promptness. Has this been done? That was a question necessary to be determined by the trial court. In some states, adjudications in divorce cases are excepted from the provisions of statutes such as Section 103.

It is said by a text-writer that:

"Aside from legislation, the courts will hear motions to vacate divorce judgments on the same grounds and conditions as any other judgments, except perhaps that they proceed with greater caution and with more anxious care for the intervening rights of strangers." 1 Black, Judgments, § 320.

A great authority on the law of marriage and divorce has written that:

"There are excellent reasons why judgments in matrimonial causes, whether of nullity or divorce, should be even more stable, certainly not less, than in others, and so our courts hold. The matrimonial status of the parties draws with and after it so many collateral rights and interests of third persons, that uncertainty and fluctuation in it must be greatly detrimental to the public. And particularly to an innocent person who has contracted the marriage on faith of the decree of the court, the calamity of having the decree reversed and the marriage made void is past estimation." 2 Bishop, Mar. & Div., § 1533.

To like effect is *Parish* v. *Parish*, 9 Ohio St. 537 (75 Am. Dec. 482); 1 Black, Judgments, § 320, note 125. However, this court, in the case of *Evans* v. *Evans*, 60 Or. 195 (118 Pac. 177), upheld an order setting

aside a divorce decree after the plaintiff had married another. So far as our statute is concerned, it applies to divorce decrees the same as to any other; but the courts no doubt should consider, to some extent at least, the effect of such an order upon innocent third persons.

We gather from the record that the plaintiff in this case has remarried.

7, 8. While Section 103, Or. L., is remedial in its character and is intended to furnish a simple, speedy and efficient means of relief in cases where persons are, in the true sense of the statute, victims of mistake, inadvertence, surprise or excusable neglect, yet its wholesome provisions are not to be invoked so as to render judgments but temporary structures, "to be torn down, remodeled or rebuilt whenever the builders feel competent to improve the original workmanship or design." A judgment is sometimes termed a "finality" because it finally terminates the disputes and adjusts the adverse interest of litigants, and it should never be annulled except upon due consideration based upon a clear showing.

9. The disposition of this appeal does not depend upon the justice or wisdom of the court's order. The defendant took the necessary legal steps to give the court jurisdiction to enter upon the inquiry and to decide whether the motion should be granted or otherwise.

"The test of the jurisdiction of the court to grant relief is not whether good cause for granting the relief exists, but whether the tribunal assuming to act had power to enter upon the inquiry in the particular case or grant the relief for any cause, and this must be sought for in the general nature of the powers of the court or the general laws defining its jurisdiction. It does not depend upon whether its conclusion in the course of it is right or wrong, nor whether its

methods were regular. * * The jurisdiction of the subject matter of any controversy in any court must be determined in the first instance by the allegations in the complaint or petition, as the case may be, made in good faith, and does not depend upon the existence of a sustainable cause of action, or by the evidence subsequently adduced * * . Jurisdiction is the power to consider and decide one way or the other, as the law may require." 17 Stand. Proced. 658, 659, 660.

The court had jurisdiction of the parties and the subject matter of the motion. It was empowered by law to enter upon the inquiry. It had a right to decide the matter heard and considered. Its action in making the order was not void, hence not appealable, even if erroneous.

The right of appeal is limited by law, and the cases in which appeals may be taken, and the methods of procedure therein, are such only as the law provides: *Clay* v. *Clay*, 56 Or. 538, 541 (108 Pac. 119, 109 Pac. 129); *State* v. *Security Savings Co.*, 28 Or. 410, 417 (43 Pac. 162); *School District* v. *Irwin*, 34 Or. 431, 436 (56 Pac. 413); *Kadderly* v. *Portland*, 44 Or. 118 (74 Pac. 710, 75 Pac. 222); *Hansen* v. *Robbins*, 80 Or. 659 (157 Pac. 1112, 158 Pac. 403); *In re Waters of Chewaucan River*, 89 Or. 659 (171 Pac. 402, 175 Pac. 421); *Smith Securities Co.* v. *Multnomah County*, 98 Or. 418 (192 Pac. 654, 194 Pac. 428).

10. An appealable order must be found within the compass of the following statute:

"A judgment or decree may be reviewed as prescribed in this chapter, and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein, * * or a final order affecting a substantial right, and made in a proceeding after judgment or decree, or an order setting aside a judgment and granting a new trial, for the purpose of

being reviewed, shall be deemed a judgment or decree.'' Section 548, Or. L.

As succinctly stated in *Bowman* v. *Holman,* 48 Or. 351 (86 Pac. 792):

''The statute provides that an appeal may be taken from a 'final order affecting a substantial right' made after judgment or decree. The order in question is not of that character. It is not a final order, but merely vacated the former judgment for the purpose of a trial upon the merits of the original action. It was within the power of the court to make, and is therefore not appealable: *Deering* v. *Quivey,* 26 Or. 556 (38 Pac. 710); *Henrichsen* v. *Smith,* 29 Or. 475 (42 Pac. 486, 44 Pac. 496); *Hume* v. *Bowie,* 148 U. S. 245 (37 L. Ed. 438, 13 Sup. Ct. Rep. 582).''

We are controlled by the law of this state governing appeals. The statute, as construed, does not authorize the court to pass upon the merits of the appeal in this proceeding. The action of the court in the case at bar, in setting aside its former judgment and permitting the defendant to answer, may be reviewed upon appeal from the final decree, and not otherwise: *Van Voorhies* v. *Taylor,* 24 Or. 247 (33 Pac. 380); *State* v. *Portland General Electric Co.,* 52 Or. 502, 513 (95 Pac. 722, 98 Pac. 160); *Clay* v. *Clay,* 56 Or. 538, 542 (108 Pac. 119, 109 Pac. 129); *Taylor* v. *Taylor,* 61 Or. 257 (121 Pac. 431, 964); *Flynn* v. *Davidson,* 80 Or. 502 (155 Pac. 197, 157 Pac. 788).

The motion to dismiss is allowed.     ALLOWED.

BENSON, J., not sitting.