## LIABILITY OF AN EXECUTOR FOR TAXES.

### Probate Court of Tuscarawas County.

IN THE MATTER OF THE ESTATE OF ANNA E. HARPER, DECEASED.*

### Decided January 8, 1927.

*Taxes—Lien of, on Real Estate Sold at Judicial Sale—Are a Personal Debt of the Estate, When—But Should be Paid by the Purchaser, When—A Common Misunderstanding as to the Liability of a Purchaser of Land for Taxes for the Current Year— Section 5671.*

1. When real estate is sold at a judicial sale, it does not become complete until the deed is executed and delivered, but when such deed is finally executed and delivered, it relates back to the day of sale.
2. Taxes on real estate, for the purpose of enforcing payment thereof, become a lien on the said real estate on the day preceding the second Monday of April of each year; but taxes on real estate do not accrue until October 1st of each year.
3. When real estate is held by an executor pending proceedings and sale for the payment of debts or legacies, the taxes which accrue during the periods that such real estate is so held, are a personal debt of the estate and should be paid by the executor.
4. A purchaser, who buys real estate at an executor's sale, authorized under an order of the court, on September 29, 1926, must pay the taxes that accrue thereon, on October 1st, 1926, and such taxes are not personal taxes of the estate for which the, executor should make provision.

*W. B. Stevens,* for exceptor.
*J. C. Mitchell,* for executor.

LAMNECK, J.

Anna E. Harper died testate on the 6th day of December, 1924. In her will, which was duly admitted to probate, she made certain specific legacies and also provided that the residue after paying the specific legacies should be divided among certain persons named in the will.

There was not sufficient personal property to pay the specific legacies and the executor secured an order of the court to sell the decedent's real estate for that purpose.

* Affirmed by the Court of Common Pleas June 6, 1927.

The order of sale was issued on August 27, 1926,. and the property was sold at public auction on September 29, 1926. The sale was confirmed and the deed to the property was delivered on October 1st., 1926.

The executor in making the sale, made no mention of the 1926 taxes, and did not make provision for paying them out of the proceeds of the sale. Exceptions were taken to his final account by the purchaser, it being the purchaser's contention that the taxes due and payable on and after October 1st., 1926, one-half not later than December 20, 1926, and the other half not later than June 20, 1927, should be paid by the executor.

It is claimed by the purchaser that the taxes were an accrued lien on the property before the sale was consummated, and if not an accrued lien at that time, then the taxes were at least a · debt against the estate and should be satisfied as such.

The real estate in this case was sold at an executor's sale, authorized by the court, and is, therefore, a judicial sale. In such cases Section 5692, of the General Code, provides that the court shall order the taxes and penalties and the interest thereon against said real estate paid out of the proceeds of such sale.

In construing this section the Supreme Court of Ohio has held that until the levy of taxes is made upon the duplicate or until it can be made, no order can be rightfully made to discharge such taxes out of the proceeds of a judicial sale. (See *Hoglen* v. *Cohen*, 30 O. S., 436).

Section 2595 provides that on or before the first day of October of each year, the county auditor shall deliver to the county treasurer a true copy or duplicate of the books containing the tax list required to be made by him for the year.

In this case the sale took place on September 29, 1926, and the sale was confirmed and the deed delivered on October. 1st., 1926. When did title pass to the purchaser?

It is clear by the weight of authorities, that when real estate is sold at a judicial sale it does not become complete until the deed is executed and delivered, but when such deed is ·finally executed and delivered, it relates back to the

day of the sale.   (See *Boyd* v. *Longworth,* 11 O. 235; *Oviatt* v. *Brown,* 14 O., 285; notes on *Landes* v. *Brant,* 10 Howard (U.S.), 348; *Bellows* v. *McGinnis,* 17 Ind., 64.

The sale in this case then took place on September 29, 1926, and as the auditor had not then certified his tax duplicate ·to· the county treasurer, no taxes were legally charged upon the tax duplicate against this real estate and ·consequently the taxes thereon due and payable for the year 1926, one-half not later than the 20th day of December, 1926, and the other half not later than the 20th day of June, 1927, could not be ordered discharged out of said ·sale.

It is contended by the exceptor that these taxes were a personal debt of the estate, as they attached on the day prior to the second Monday of April, 1926, before the sale and as they were a personal debt, the executor·should pay the same out of the personal property in his possession belonging to said estate.

It is well established that taxes due upon lands are a·personal debt of him in whose name the lands are listed when taxes *accrue,* as well as a lien upon the land; and also that taxes upon real estate *accruing* after the death of the owner and before a judicial sale are debts to be paid, but taxes *accruing* subsequent to a judicial sale are not debts of the decedent, which it is his right or duty to pay. (See *Creps* v. *Baird,* 30 S., 278; *Warner* v. *York,* 16 O. C. C., (N.S.), 369; and 18 Cyc., 420).

It therefore becomes very important to determine in this case when the tax on real estate *accrues* in Ohio.

It is the common belief, among laymen at least, that real estate sold after the day preceding the second Monday of April, makes the grantor liable for all of the taxes as-.sessed against the real estate for that year.

This belief arises from a misconstruction of Section 5671, General Code, which provides "that the *lien of the state* for taxes levied for all purposes, in each year, shall attach to all real property subject to such taxes on the day preceding the second Monday of April, annually ·* * *."

This section does not relate to when taxes *accrue.* It simply fixes the lien of the state on a day in advance of the

date that taxes *accrue,* and when the taxes are determined they relate back and become a lien on the day preceding the second Monday in April.

As has been stated, taxes become a personal debt when they *accrue.* The word accrue means *due and payable.* By the provisions of General Code, Section 2595, taxes are not due and payable until October 1st., which is the date fixed by said section when the county auditor shall deliver the duplicate to the county treasurer for collection.

It would, therefore, follow that if an owner of real estate sold the same after the day proceeding the second Monday in April and before October 1st., by *quit-claim deed,* without any warranty of title, and nothing was said about taxes, the purchaser would be liable for the taxes that become a lien on the day preceding the second Monday in April.

But if an owner of real estate sold it after the day preceding the second Monday in April, and before October 1st., by warranty deed with the usual covenants, then a different situation obtains. In such cases, the taxes become a personal debt of the grantor because the lien attaches as of the day preceding the second Monday in April, and he is bound by his covenant of warranty to discharge all liens against the real estate.

The taxes that thus become the personal debt of the grantor, do not become such by any provisions of the statutes, but because he makes them a debt by contract.

The deed given to the purchaser in this case, was the usual executor's deed. It contained no warranty of title and no covenants. In effect it is nothing more than a quit-claim deed for the persons who were made parties defendant in the action, which the executor brought, to secure authority to sell.

As the taxes on the real estate in question had not accrued when the sale was made, the same are not a personal debt of the estate and can not legally be paid by the executor.

The exceptions are accordingly overruled.