Argued February 10, affirmed March 8, 1927.

KERBY S. MILLER *v.* MARION SUTHERLAND MILLER.

(253 Pac. 867.)

**Divorce—Defendant, Who was Present at Divorce Trial and Made No Defense, Held not Entitled to Another Hearing on Showing Made.**

Defendant, who was present at divorce trial with attorney and made no defense, was not entitled to another hearing, where there was no showing that any material fact had developed since original decree was rendered, of which defendant was not aware at time of hearing, and no good cause was shown why divorce decree should be vacated.

Divorce, 19 C. J., p. 173, n. 35.

From Jackson: C. M. THOMAS, Judge.

Department 2.

This cause comes to this court upon a motion to vacate the decree of divorce herein and permit defendant to file an amended answer, and introduce testimony in her behalf.

The Circuit Court first entered an order vacating the decree. Upon a further hearing, during same term of court, the court vacated the order setting aside the decree, and refused to vacate the original decree; so that the matter stands upon the motion to vacate and the refusal to grant the same. Defendant appealed. The motion to vacate is supported by affidavits and opposed by affidavits.

The following appears from the record: Plaintiff, Kerby S. Miller, and defendant, Marion Sutherland, intermarried at Oxford, England, on July 21, 1924, and shortly thereafter moved to the City of New York, N. Y., plaintiff removing to Eugene, Oregon, in August of that year, taking up his work as instructor

in the University of Oregon, leaving defendant in New York by mutual arrangement to look after the publication of certain writings. In May, 1925, plaintiff lost his position, as he asserts, on account of defendant's failure to come and live with him. Afterward, on September 9, 1925, plaintiff commenced a suit for a divorce in Jackson County, on the grounds of desertion, averring details of their relations.

The cause was referred to and tried before a referee. Plaintiff and defendant each with counsel were present. The district attorney was also present. Plaintiff introduced his testimony. No testimony was introduced on behalf of defendant. After plaintiff had presented his testimony, defendant with her attorney repaired to an adjoining room and consulted, and her attorney asked her if she wished to put in a defense and defendant replied, "She had no defense to make." Immediately after the decree the plaintiff left Oregon and returned to Oxford University, England, to resume his studies.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Jaureguy & Tooze,* with an oral argument by *Mr. Nicholas Jaureguy.*

For respondent there was a brief and oral argument by *Mr. Porter J. Neff.*

BEAN, J.—We are informed by the findings of the trial court as follows:

"Personal service was had in this case. Defendant then wrote to the court for advice; she was notified to employ an attorney. She employed Borden & Gaylord, who appeared, filed motion and procured an allowance for suit-money, including her traveling ex-

penses to come to place of trial. Said attorneys procured by stipulation an order for further time to plead due to Mr. Borden's absence.

"At time of trial defendant was present with her attorney and the transcript shows that at the close of the plaintiff's case Mr. Borden asked defendant if she wished to put in a defense and she, defendant, replied that she had no defense to offer. In open court when this matter was being argued the court asked Mr. Newman, the present attorney for defendant, what Mr. Borden had done or failed to do of which he complained and the reply in substance was that no complaint was made against Mr. Borden or his acts, except the one made by the defendant in her affidavits, viz:—that Mr. Borden advised her that she could not put in an affirmative claim. This Mr. Borden says in his affidavit is not true; that he never so advised her, but was willing at all times to present her cause. The court could not find that Mr. Borden had given such advice without also finding that it was wilful on his part and there is nothing in this record to even raise a suspicion.

"The court listened patiently over two hours to the oral presentation of this matter attempting to get light on the situation produced by defendant's long recitation of conclusions, but could get little out of defendant's claim except that she now felt that Mr. Neff was secreting funds of the plaintiff which she did not suspect he had until after the decree.

"There seems to have been a tentative property settlement made out of court concerning which this court is not advised. However, Mr. Neff proposed that a full investigation be had of such trust funds before going further with the case and offered to produce to defendant's attorney a full and complete accounting of such funds to substantiate that the representations made out of court in regard to such funds were correct. This offer was refused."

The trial court found that the defendant had had her day in court and that she had ample opportunity to fully present her case and, failing to do so, she is not entitled to another hearing. Citing *Carmichael* v. *Carmichael,* 101 Or. 172, 176 (199 Pac. 385). From the showing made we fully concur in such finding.

There was no showing made by defendant that any material fact had developed since the original decree was rendered, of which defendant was not aware at the time of the hearing before the referee. No good cause is shown why the decree of divorce should be vacated. The plaintiff, through his attorney, has offered, and now offers, to make a property settlement with defendant, and a tentative agreement seems to have been made prior to the divorce decree.

The order appealed from will be affirmed, provided this proceeding will be held in abeyance and remanded to the Circuit Court with authority, in case the parties hereto cannot agree and file a stipulation as to a property settlement to permit issues to be made and take such measures as may be necessary, and decree a settlement of all property interests between plaintiff and defendant.

Neither party will recover costs in this proceeding.

AFFIRMED.

BURNETT, C. J., and McBRIDE and BROWN, JJ., concur.