JOSEPH HESLEP *et al.*, appellants, *v.* WILLIAM R. PETERS, appellee.

*Appeal from Morgan.*

The pleadings in a cause may be amended at any time before they are entered of record, on proper and equitable terms, where the justice of the case requires it.

When amendments are allowed, the Court usually imposes terms upon the party at whose instance the amendment is made, as the payment of costs. This, however, being a matter addressed to the sound discretion of the Court, its decision thereon cannot be assigned for error.

Where the misnomer of a defendant is pleaded in abatement, the plaintiff may amend his declaration, even after a demurrer has been filed to such plea, and withdraw the demurrer, and take issue upon the plea.

THIS cause was heard in the Court below, at the March term, 1840, before the Hon. Wm. Thomas. Judgment was rendered for the plaintiff for $300 debt, and $105 damages, and costs of suit. The defendant appealed to this Court.

J. A. McDOUGALL, for the appellants.

J. J. HARDIN, for the appellee.

TREAT, Justice, delivered the opinion of the Court:

This was an action by *petition and summons*, brought in the Morgan Circuit Court, by Peters against Heslep and Palmer. Palmer was described in the petition and summons by the name of E. W. Palmer. Palmer pleaded in abatement, that he was called and known by the name of Erastus W. Palmer. To this plea Peters demurred, but before joinder, by leave of the Court, amended the petition and summons, by inserting the true name of Palmer. The Court then permitted Peters to withdraw his demurrer to the plea in abatement, and thereupon he filed his replication, averring that Palmer was sued by the name of Erastus W. Palmer. On this replication Palmer took issue; the issue was tried by the Court, and found for Peters. Heslep demurred to the petition, the demurrer was overruled, and judgment rendered against Heslep and Palmer, for the amount of Peters' demand. Heslep and Palmer bring the cause in this Court by appeal, and assign for error, ·

*First.* That the Court erred in permitting Peters to amend his petition and summons, after plea in abatement filed;

*Second.* The Court erred in permitting Peters to withdraw his demurrer, and take issue on the plea in abatement, after the amendment.

The rule, as stated by Tidd, is, that whilst the pleadings are in paper, and before they are entered of record, the Court, on motion, will permit the declaration, plea, replication, &c., to be amended, in form or substance, on proper and equitable terms, where the

justice of the case requires it. So the declaration may be amended, in form or substance, even after plea in abatement filed, or of *nul tiel* record.

So, after demurrer, or joinder in demurrer, either party may obtain leave to amend.

So the Court will give the party leave to withdraw his demurrer, after it has been argued, and to plead or reply *de novo*, in order to let in a trial of the merits. (1)

In the case of Owens *v.* Dubois, (2) the plaintiff was allowed to amend his declaration, on payment of costs, by altering the defendant's name, after a plea of misnomer in abatement, and even after two terms had elapsed, and notwithstanding the defendant was in custody.

Where the misnomer, either of plaintiff or defendant, is truly pleaded, the plaintiff may amend, and need not enter a *casseter*. (3)

In the case of Blood *v.* Harrington, (4) it was decided, that where a defendant pleaded in abatement the infancy of the plaintiff, at the commencement of the suit, the plaintiff might amend, by inserting the name of a *prochein amy*.

These authorities seem fully to settle the questions arising upon both the assignments of error. The Court usually imposes terms upon the party at whose instance the amendment is made, as the payment of costs. But we consider that a matter addressed to the sound discretion of the Court, and its decision thereon cannot be assigned for error.

The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*