Hopwood *v.* Patterson.

---

THOMAS HOPWOOD, Plaintiff in Error *v.* JAMES H. PATTERSON, Defendant in Error.

*Error to Jackson County.*

1. An answer, in the nature of a plea in abatement, should be pleaded separately, and disposed of before an answer to the merits is considered.
2. An answer, which sets up for defense the pendency of a former suit for the same cause of action, should state that such former suit is still pending at the time the answer is interposed.

THE facts .of this case are these : It . was an action for work and labor ; the answer of the defendant sets up a defense to the merits, and also, in the same answer sets up as a farther defense, that, at the time of the commencement of this action, there was another suit pending for the same cause of action ; but does not state that said former suit was still pending at the time of filing the answer. The plaintiff in the court below demurred to that part of the answer which sets up the pendency of a former suit, and as causes of demurrer, assigns as follows :

1st. That this part of the answer being in the nature of a plea in abatement, cannot be pleaded in conjunction with an answer to the merits. ·

2d. That this part of the answer does not state that the said former suit was still pending at the time of filing the answer.

The court below sustained the demurrer, and gave judgment for the plaintiff. To which decision and judgment of the court the defendant objected, and the case stands in this court on demurrer, as it is below.

*B. F. Powell, Esq.*, for plaintiff in error.

*G. H. Williams, Esq.*, for defendant in error.

BOISE C. J. The first question raised by this demurrer is, can an answer, in the nature of a plea in abatement, be joined with an answer to the merits ?

It is a question of practice under the Code ; and its determination either way will not particularly affect the absolute rights of litigants ; for they have a right to avail themselves of this defense, either in conjunction with the answer to the merits, or in a separate answer in the nature of a plea in abatement ; and the question is, does the Code change the order in which such question should be presented and determined. The *Statute page*, 90, *sec.* 47, provides that " The defendant may set forth by answer as many defenses as he may have."

Hopwood v. Patterson.

This contemplates that the style of the defense shall be by answer, and does away with the names of technical pleas, but does not, I apprehend, contemplate the joining in the same answer matter of defense, which create issues that cannot properly be tried together. Answers in the nature of pleas in abatement are dilatory, and create issues which cannot properly be tried with issues on the merits. Issues in dilatory pleas should always be disposed of before issues on the merits are made; for in some cases the determination of such dilatory issues may change the issues on the merits.

A practice that would allow answers in the nature of a plea in abatement to be joined with answers to the merits would be very inconvenient, and lead to much confusion in judicial proceedings; and I cannot believe that it was the intention of the legislature to require all defenses to be joined in one answer; but that the proper construction of the Statute is, that the nominal or technical form of pleading shall be by answer. While those defenses shall only be joined which will create issues that may be properly tried together; and, that answers in the nature of pleas in abatement should now as formerly be pleaded and determined before an answer to the merits is interposed. The practice in the State of New York under the Code has not been uniform; see *Van Santvord, Pleadings* 385, and cases there cited; but I understand, the better opinion in that State now is that answers in the nature of pleas in abatement should be pleaded before an answer to the merits; and such is the opinion of this court, since we deem such a course more in accordance with the settled practice of the courts, and more convenient, and not in contravention of the Statutes.

There is another objection to the answer or plea in this case, specified in the demurrer, which is, that the answer does not state that said former suit was still pending at the time of filing the answer, and I think the demurrer is well taken in this respect; for if the former suit had been withdrawn at

the time of answering, I cannot see what injury it could work to the defendant.

Judgment is affirmed.