## M. G. Jacobs v. E. F. Cunningham.

1—When a married woman, by virtue of our statute (Paschal's Digest, Art. 4636), sues without joining her husband as a plaintiff, it would be regular to aver in her petition the reason why the husband is not joined; but if such averment be omitted in the original petition, and the coverture of the plaintiff be pleaded in abatement of her suit, she may by amendment of her petition, by leave of the court, supply such averment and prosecute her suit as though her original petition had been sufficient in all respects.

2—The failure to cancel the revenue stamp on an instrument subject to stamp duty, does not invalidate the instrument as evidence.

Error from DeWitt. Tried below before the Hon. J. J. Holt.

In February, 1867, Mrs. Cunningham sued Jacobs on a note for $880, made by him to her in September, 1864. The original petition was drawn as though the plaintiff was a *feme sole.*

Jacobs pleaded in abatement that the plaintiff was a married woman, being the wife of Samuel Cunningham, who was a resident of DeWitt county, and within the jurisdiction of the court.

The plaintiff amended her petition and alleged that her hus-

band, Samuel Cunningham, was, at and before the commencement of the suit, and at and before the date of the note sued on, *non compos mentis,* and deprived of his right reason.

The sanity of the husband was submitted to the jury as an issue formed by the plea in abatement and the amended petition, and evidence in support of her allegations was introduced by the plaintiff.

The defendant also filed a general denial, and the issue on that was also submitted at the same time. The plaintiff offered the note in evidence, but the defendant objected because it had no canceled stamp, which objection was overruled, and defendant excepted.

The jury found for the plaintiff on both issues, and returned a verdict in her favor for the amount of the note and interest.

Being refused a new trial, the case is brought up by the defendant.

*Mills & Tevis,* for plaintiff in error.

*H. C. Pleasants* and *Glass & Callender,* for defendant in error.

LINDSAY, J.—Two objections seem to be urged against the judgment in the District Court.   1. That the suit was brought by a *feme covert,* without the joinder of her husband.   2. That there was no canceled revenue stamp upon the note, which was the foundation of the action, and the instrument of proof upon the trial.

1. The statute, Art. 4636, allows the wife, upon the failure or neglect of the husband, to sue for any of her effects by authority of the court.   In instituting suit by the wife, it would be most regular to aver in the original petition the cause of such failure or neglect.   But, with leave of the court, this averment may be made in the amended petition, and the cause proceed to trial.   In this case a plea of abatement was interposed to the original petition for the want of such averment.   Upon a virtual confession of the truth of the plea, the

plaintiff asked leave to amend, and in the amendment alleged the insanity of the husband. The court, therefore, did right to entertain the suit and to admit the proof of the insanity of the husband, which the statement of facts shows was sufficiently made manifest. The existence of the cause of the failure or neglect of the husband was also impliedly admitted by the defendant in his execution and delivery of the note sued upon to a *feme covert.*

2. The mere failure to cancel the revenue stamp upon an instrument, required by law to be stamped, as it does not defraud the government, is not made invalid as an instrument of evidence. The judgment is affirmed.

Affirmed.