Argued Jan. 12, decided Jan. 24, rehearing denied Feb. 28, 1911.

## LA GRANDE *v.* PORTLAND PUBLIC MARKET.

[113 Pac. 25.]

PLEADING—PLEA IN ABATEMENT — DETERMINATION FOR DEFENDANT — JUDGMENT.

1. When an issue of fact or law is joined on a plea in abatement and found for the defendant, the decree or judgment must be one dismissing the action.

ABATEMENT AND REVIVAL—PLEA IN ABATEMENT—JOINDER OF PLEAS IN ABATEMENT AND BAR.

2. A plea in abatement cannot be joined with a plea in bar.

PLEADING—PLEA IN ABATEMENT—EFFECT OF ALSO PLEADING IN BAR.

3. A plea in abatement must be disposed of before a plea in bar will be considered, for the latter waives a plea in abatement.

PLEADING—PLEA IN ABATEMENT—DETERMINATION FOR PLAINTIFF.

4. Where an issue joined on a plea in abatement is found for the plaintiff, the judgment is that defendant answer over.

PLEADING—AMENDMENTS—RIGHT TO AMEND AFTER PLEA IN ABATEMENT.

5. Where an issue of fact was joined on a plea in abatement and submitted for determination, the court was powerless to allow an amendment of the complaint, for its power exists only before submission, and therefore an order sustaining a plea in abatement and allowing such an amendment was erroneous.

APPEAL AND ERROR—DECISIONS REVIEWABLE—FINALITY OF DETERMINATION—RULINGS ON MATTERS AFFECTING PLEADINGS.

6. A judgment of the trial court sustaining defendant's plea in abatement and allowing plaintiff to amend is not a final judgment, for neither did it determine the action, there being no judgment of dismissal, nor was it void, the court having plenary powers to allow amendments; and as the defendant could have review after judgment on the merits, which would include this error, an appeal from that order will not lie, for it is both splitting appeals and appealing from a judgment not final, as required by Section 6, Article VII, Constitution of Oregon.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by D. La Grande against the Port-

land Public Market & Cold Storage Company, a private corporation, to recover the alleged reasonable value of work and labor, the complaint being in the usual form.

A plea in abatement was interposed to the complaint, alleging that the cause of action stated did not accrue to plaintiff alone, but to him and G. Zanello and F. Zanello, doing business under the firm name of G. Zanello & Son, who, although still living, are not joined as parties plaintiff; that about November 23, 1908, the defendant, as party of the first part, and G. Zanello and F. Zanello, as a firm, and plaintiff, as parties of the second part, entered into a written contract to which the firm name was signed by J. J. Zanello, who was fully empowered so to do; and that this agreement is the only one defendant ever made with plaintiff. The prayer of the plea is that the action be dismissed.

A reply having put in issue the averments of the plea, the cause was tried without the intervention of a jury, and after the evidence offered by each party was received, defendant's counsel moved for judgment, whereupon the court stated that if a joint contract was consummated its validity depended upon the power of J. J. Zanello to subscribe the firm name to the writing, which authority was substantiated by the testimony, thereby showing a nonjoinder of parties plaintiff; and directed that the plea in abatement be sustained, entitling defendant to its costs and disbursements. Findings of fact were made by the court as announced, and based thereon it was concluded as a matter of law, *inter alia*, that plaintiff should be allowed to file an amended complaint, to which determination an exception was taken by defendant's counsel, who requested findings of fact and of law which were denied. Predicated upon the findings and conclusions made, it was considered and ordered that the plea in abatement be sustained; that defendant recover its costs and disbursements; and that leave to file an amended

complaint be granted, from which determination defendant appeals.                                          DISMISSED.

For appellant there was a brief over the names of *Messrs. Platt & Platt* with an oral argument by *Mr. R. T. Platt.*

For respondent there was a brief over the names of *Mr. Albert H. Tanner* and *Mr. A. B. Ferrera* with an oral argument by *Mr. Tanner.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. Insisting that the order undertaken to be reviewed is interlocutory, plaintiff's counsel moves to dismiss the appeal. It is maintained by defendant's counsel, however, that though the court's direction is not in form ultimate, it is in substance and effect a final determination of the cause as instituted, necessitating a dismissal of the action, in failing to render which an error was committed that is re-examinable by this court. Before the question thus suggested is determined, it is deemed proper to consider the form of judgment that should be rendered when a decision in favor of a defendant is given on a plea in abatement, and whether or not, after an issue of fact joined on the plea is decided in defendant's favor, the averments of a complaint thus challenged can over objection and exception be amended. Contemplating these inquiries in the order stated, the rule is well settled that when an issue of fact or law is joined on a plea in abatement and found for the defendant, the judgment or decree required to be given is that the action or suit be dismissed. 1 Chitty, Pl. *466; Gould Pl. (Hamilton's Ed.) 286; 1 Tidd's Pr. (Am. notes) *642; 1 Pl. & Pr. 30; 31 Cyc. 187; *Clark* v. *Latham,* 25 Ark. 16; *Larco* v. *Clements,* 36 Cal. 132; *Cushman* v. *Savage,* 20 Ill. 330.

In justification of the action of the court in permitting the complaint to be amended, after an issue of fact joined

on the plea was determined in defendant's favor, plaintiff's counsel contend that such a course of procedure is upheld by the decisions of courts of last resort in other states, to which attention is called, and that the correct rule to be extracted from the opinions in such cases is stated by a text-writer as follows:

"If the matter of a proposed amendment to a complaint is proper, the pendency of a plea in abatement, the legal effect of which the amendment may obviate, is rather a reason for than an objection to its allowance." 1 Pl. & Pr. 591.

The language thus quoted is in substance an excerpt from the opinion in the case of *Foster* v. *Napier*, 73 Ala. 595, 601, where pleas in abatement having challenged the sufficiency of a complaint, the plaintiff, over objection and exception, was permitted to amend his pleading in the particulars assailed. After the alteration was made, the defendant again filed pleas in abatement to which demurrers were interposed and overruled. The amendment in that case was evidently made without any issue either of law or fact having been joined on the first plea.

In *Mohr* v. *Sherman*, 25 Ark. 7, it was held that where a plaintiff sued in his individual capacity, but the summons required an answer to him "as administrator," etc., the variance justified the interposition of a plea in abatement, after filing which the declaration was amended by leave of court so as to make it correspond to the process, and it was held that the discretion thus exercised would not be reviewed. In that case it was said:

"The plea in abatement (without issue) was then submitted to the court and overruled."

It will be observed from the phrase in parenthesis that the plaintiff conceded the averments of the plea and thereupon amended the declaration.

In *Powell* v. *Meyers*, 1 Barb. (N. Y.) 427, a plea in abatement having challenged a declaration because of the

Sig. 5

nonjoinder of a party defendant, the plaintiff amended his pleading by correcting the mistake pointed out, and it was ruled that the alteration was proper. In that case it does not appear that any issue was joined on the plea.

In *Gilpin* v. *Ebert,* 2 Colo. 23, the summons claimed damages in the sum of $2,300, while the declaration demanded indemnity to the extent of $5,000. The variance having been pointed out by a plea in abatement, the court permitted the declaration to be amended so as to harmonize with the writ, and it was determined that the alteration was permissible. In that case it does not appear that any issue was joined on the plea. To the same effect is the case of *Morton's Adm'r* v. *Smith,* 4 T. B. Mon. (Ky) 313.

In *Heslep* v. *Peters,* 4 Ill. 45, a plea in abatement on the ground of misnomer was interposed to a petition. A demurrer to the plea was filed but withdrawn by leave of court, which permitted the misnomer to be corrected. This course was held proper. In that case it is manifest that the issue of law joined by the demurrer to the plea was removed.

In *Blood* v. *Harrington,* 8 Pick. (Mass.) 552, an action was commenced by a minor without joining any person who prosecuted for him. A plea in abatement having indicated plaintiff's infancy, he did not reply thereto, but was permitted to amend his pleading by inserting a statement, after his name, that he sued by his next friend, naming him, and it was ruled that the amendment was proper. It will be seen that no issue on the plea was joined in that case.

In *Jacobs* v. *Cunningham,* 32 Tex. 774, an action was commenced by a married woman who neither joined her husband in the complaint nor offered any reason therein to excuse her failure so to do. A plea in abatement called attention to the defect, whereupon the court permitted her pleading to be amended so as to allege that at the

time her suit was commenced her husband was *non compos mentis,* which alteration was held proper.   In deciding that case, Mr. Justice LINDSAY says:

"Upon a virtual confession of the truth of the plea, the plaintiff asked leave to amend, and in the amendment alleged the insanity of the husband."

It is certain in that case that no issue was joined on the plea.

It will be seen from the cases here commented upon and which are cited to support the text quoted that each decision appears to be based on a practical confession of the averments of the respective pleas in abatement, and, no issue of law or fact having been joined as to the various pleas, amendments of the primary pleadings were allowed.   The conclusions reached in the cases referred to do not controvert or even modify the rule governing the form of judgment that should be rendered when an issue of fact or law is joined on a plea in abatement and determined in favor of a defendant.

Further, to support the amendment permitted in the case at bar, plaintiff's counsel invoke the doctrine announced in *Saylor* v. *Commonwealth Banking Co.,* 38 Or. 204 (62 Pac. 652), where it was held that a trial court might in its discretion allow a further answer to be filed after it had tried a plea which was denominated a plea in abatement and so treated by the parties and the court.   In that case the special defense relied upon to defeat the maintenance of the suit was evidently a plea in bar, but as it had been employed as a plea in abatement it was determined that the parties were bound by the construction which they had originally placed upon it.   The conclusion thus reached reduced the inquiry to a consideration of whether or not another answer could be filed after an issue of fact joined on a plea in abatement had been decided in favor of a plaintiff.

2, 3. In this State a plea in abatement cannot be joined with a plea in bar and must be disposed of before an answer to the merits can be considered (*Hopwood* v. *Patterson,* 2 Or. 49), for an answer to the merits waives a plea in abatement (*Rafferty* v. *Davis,* 54 Or. 77 : 102 Pac. 305).

4. Where an issue joined on a plea in abatement is decided in favor of a plaintiff, the dilatory plea having thus been brushed aside, the defendant is permitted to answer to the merits : *Saylor* v. *Commonwealth Banking Co.,* 38 Or. 204 (62 Pac. 652). Any other conclusion would be a deprivation of the right to interpose a special defense, however deficient the averments of a complaint might be unless the defect were apparent on the face of the pleading, when advantage of the imperfection could be taken by demurrer. Section 68, L. O. L. The practice adopted in the case last referred to is upheld by a text-writer, who, referring to a plea in abatement, says: "If a plea is rejected or stricken out, final judgment cannot be rendered. Defendant has the right to answer over." 31 Cyc. 187, n. 43.

5. The statute regulating procedure provides that a pleading may be amended at any time before a cause is submitted, so as to correct any mistake, when the alteration does not substantially change the cause of action, by conforming the pleading to the facts proved. Section 102, L. O. L. If at the trial of a cause the evidence produced discloses a material variance (Section 97, L. O. L.), the court may in its discretion at any time before the cause is submitted on the merits permit an amendment of a pleading so as to make its averments conform to the facts established. Section 102, L. O. L.; *Hammer* v. *Downing,* 39 Or. 504 (64 Pac. 651: 65 Pac. 17, 990: 67 Pac. 30). As the power to permit amendments is limited to the time when a cause is submitted for the determination of an issue of fact, a request for a change

in the averments of a pleading on the ground specified must be made before the cause is surrendered to the court or jury for an ultimate determination of such issue. An exception to this rule might at first seem to have been recognized, but no such deviation exists. Thus when a suit or action has been decided, if the judgment or decree be reversed and the appellate court does not make a final disposition of the case, the determination of the trial court is treated as if it had never existed, so that the power of the latter tribunal to allow amendments to pleadings after a remand of the cause is revived: *Branson* v. *Oregonian Ry. Co.*, 11 Or. 161 (2 Pac. 86) ; *Lieuallen* v. *Mosgrove*, 37 Or. 446 (61 Pac. 1022) ; *Nye* v. *Bill Nye Milling Co.*, 46 Or. 302 (80 Pac. 94).

The authority of a court to permit amendments of a pleading after a cause has been submitted on an issue of law is not limited, for when the sufficiency of the averments of a complaint have been contested by a demurrer which is sustained, the conclusion reached determines the matter, unless the court in its discretion allows the plaintiff to alter his pleading. Section 101, L. O. L.; *Giant Powder Co.* v. *Oregon Western Ry. Co.*, 54 Or. 325 (101 Pac. 209: 103 Pac. 501).

The reply in the case at bar denied allegations of fact contained in the plea in abatement, whereby an issue of fact was joined, the determination of which necessitated the production of testimony, from a consideration of which the court concluded in effect that there was a non joinder of parties plaintiff. As the issue of fact was not withdrawn, but submitted for determination, the court, at that stage of the case, was powerless to permit an alteration of the averments of plaintiff's primary pleading. The authority of the court having been thus exercised and exhausted, a judgment dismissing the action was inevitable, in failing to grant which an error was committed.

6. The remaining question is whether or not the order of the court sustaining the plea in abatement, awarding defendant its costs and disbursements, and permitting plaintiff to amend his complaint is final and therefore reviewable on appeal. The Supreme Court has power only to revise the final decisions of the circuit courts. Section 6, Article VII, Constitution of Oregon. An ultimate determination of a trial court is defined to be an order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree. Section 548, L. O. L. It is quite probable that the order complained of herein affected a substantial right of the defendant, but it did not in effect determine the action so as to prevent the rendition of a judgment. "If no further action of the court," says a noted author, "is required to dispose of the cause, it is final." 1 Van Fleet, Form. Adjud., § 28. No judgment dismissing the action having been rendered, the cause was not disposed of by the trial court when this appeal was taken.

The order made in the case at bar is not like the direction authoritatively given in *Deering* v. *Quivey*, 26 Or. 556 (38 Pac. 710), where it was held that a judgment made by a court at a time when it had no power to do so was void, and reviewable on appeal. Here the court had jurisdiction of the subject-matter of the action and of the parties, and though its order was erroneous it was not void, for the court then possessed plenary power to make it. In *Sears* v. *Dunbar*, 50 Or. 36, 39 (91 Pac. 145, 146), Mr. Justice EAKIN, discussing this subject, says:

"While the court has jurisdiction of the case, the order allowing the amendment is one within its jurisdiction, even if erroneous."

If a judgment dismissing the action had been rendered, plaintiff could have appealed and brought up for review the decision sustaining the plea in abatement, or if a judg-

ment had been given against defendant on the merits it could have appealed and the intermediate order permitting the complaint to be amended might have been re-examined: *Van Voorhies* v. *Taylor*, 24 Or. 247 (33 Pac. 380) ; *Farmers' Bank* v. *Key*, 33 Or. 443 (54 Pac. 206.)

As the precepts of law will not tolerate the splitting of causes, in order to maintain separate actions on any divided part, so, too, the rules of practice do not sanction the taking of detached appeals when in one review, after the ultimate disposition by the trial court of a suit or action, any intermediate order, judgment, or decree affecting the merits may be re-examined, and, if found to be erroneous, corrected.

Believing the judgment in question is only interlocutory, the appeal should be dismissed, and it is so ordered.

DISMISSED.