## KLAMATH LUMBER CO. v. BAMBER.

(142 Pac. 359; 145 Pac. 650.)

**Appeal and Error—Decisions Reviewable—Finality of Judgment—"Abate."**

1. An order that an action abate is a final judgment within Section 548, L. O. L., allowing an appeal from such a judgment; the word "abate" meaning that the action is utterly dead and cannot be reviewed, except by commencing anew.

**Pleading—Fact or Conclusion—Dissolution of Corporation.**

2. In corporation's action on notes, in which defendant pleaded in abatement that plaintiff had not filed the annual reports nor paid the annual license fees required by law, a reply admitting the allegations as to filing its reports and paying its license fees, and in avoidance averring that the corporation had dissolved and brings the action to wind up its business, as is allowed by statute, is a mere conclusion of law, the reply not alleging that the steps required by Section 6701, L. O. L., as amended by Laws of 1913, page 465, providing for dissolution by resolution of stockholder's meeting, had been taken.

**Corporations—Dissolution—Judgment.**

3. Under Section 6699, L. O. L., providing that corporations expiring by limitation, or dissolved under the provisions of Section 6701, as amended by Laws of 1913, page 465 (requiring a filing of a statement of vote of dissolution with the Secretary of State, etc.), or annulled by forfeiture or other cause by the judgment of the court, to continue as bodies corporate for five years to settle their business, where the corporation has not expired, by limitation, the "forfeiture or other cause" must either or both be the result of a judgment of the court.

> [As to discretion of court in respect to kind of judgment to be entered against corporation for violation of law where statute prescribes forfeiture of franchise as penalty, see note in Ann. Cas. 1912D, 822.]

Corporations—Dissolution—Proceedings—Statute.

4. Sections 6716–6719, L. O. L., providing that a corporation neglecting for two consecutive years to furnish to the Secretary of State any statement required by law, or to pay any license fee, shall be dissolved, requiring the Secretary of State to report to the Governor a list of delinquent corporations, whereupon the Governor shall by proclamation declare them dissolved, and providing a penalty for exercising the corporate powers thereafter, are penal and must be strictly construed, and failure to pay the fees does not *ipso facto* dissolve a corporation, but the filing of a list and proclamation are necessary to dissolution.

[As to acts and proceedings to dissolve corporations, see note in 134 Am. St. Rep. 309.]

Corporations—Right to Sue—Noncompliance With Statute.

5. Under the express provision of Section 6708, L. O. L., a domestic corporation, which has failed to pay the last annual license tax, cannot maintain any suit in any court of justice within the state while such delinquency continues.

Abatement and Revival—Plea in Abatement—Disposition.

6. A plea in abatement cannot be joined with a plea in bar, and must be disposed of before an answer to the merits can be considered.

Corporations—Plea in Abatement—Waiver by Answer to Merits.

7. In view of Section 6709, L. O. L., providing that a plea that any domestic corporation has not paid any tax or fee required by law may be interposed at any time before trial on the merits, and, if issue be joined thereon, it shall be first tried, and mere filing of an answer to the merits does not of itself deprive the defendant of a separate plea in abatement, based on the corporation's delinquency.

From Klamath: HENRY L. BENSON, Judge.

In Banc. Statement by MR. CHIEF JUSTICE McBRIDE.

This is an action by the Klamath Lumber Company, a corporation, against Stella M. Bamber and F. C. Bamber. Respondent now moves to dismiss the appeal. Plaintiff, which is a corporation, brought an action against defendants upon three promissory notes. Defendants pleaded in abatement that plaintiff in doing business in the State of Oregon without having complied with Sections 6707 and 6708, L. O. L., by filing the reports and paying the license fees required by the statute. Plaintiff replied, and, upon trial of defendants' motion for judgment upon the pleadings, the

court found for defendants, and rendered the following judgment:

"This cause coming on to be heard at this time upon defendants' motion for judgment on the pleadings, and the court being fully advised in the premises, it is hereby ordered and adjudged that the plaintiff's action herein abate, and that the defendants have and recover their costs and disbursements herein taxed at $23.90."

The plaintiff appealed to this court from the above judgment, and defendants move to dismiss the appeal, for the reason that the judgment appealed from is not a final judgment within the meaning of Section 548, L. O. L.

*Mr. W. H. A. Renner,* for the motion.

*Mr. W. M. Duncan, contra.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

1. The effect of the order abating the action and awarding costs and disbursements to defendants was to dismiss and terminate the case. Plaintiff could not after such a judgment proceed in the same action by paying up its delinquent fees and making its reports. As used in reference to actions at law, the word "abate" means that the action is utterly dead and cannot be revived except by commencing anew: Bouvier's Law Dict., tit. "Abatement"; Words & Phrases, same title.

Plaintiff's action was terminated by the judgment, and it is *eo instante* liable to a levy of execution for costs.

The motion is overruled.

MOTION TO DISMISS DENIED.

Affirmed January 19, 1915.

On the Merits.

(145 Pac. 650.)

In Banc. Statement by Mr. Justice Burnett.

The plaintiff brought an action in the usual form against the defendants to recover the amount of three promissory notes executed and delivered by them to the plaintiff. On August 18, 1913, the defendants filed a plea in abatement in which, after alleging their own residence in Klamath County for three years, and that the plaintiff has been doing business in that county since June 15, 1910, they state:

"That the plaintiff has not filed 'the annual reports as required by law for the year ending June 30, 1912, and 1913, nor has it paid the annual license fees for the year ending June 30, 1913, and 1914, as required by an act providing for the licensing of domestic corporations and foreign corporations, joint-stock companies and associations, to provide for the recording and filing of certain information concerning corporations, joint-stock companies, and associations, etc., approved February 16, 1903,' in violation of and in derogation of the express requirements and commands of said statute, and is a delinquent corporation, and has no rights or standing in any court of justice in this state under and by virtue of said statute to maintain any suit or action in any court of said state, and is in default of the payment as aforesaid of its license fees, and is in default of making its annual reports as required by law."

On the same day the defendants filed an answer to the merits in which they allege three separate defenses, one a denial of every allegation of the complaint, except signing the notes, another lack of consideration, and, third, a counterclaim. The plaintiff filed a reply

on September 3d, denying the new matter in the answer, and on the following day replied to the plea in abatement, traversing it in some particulars, and made the following averment:

"Admits the allegation of paragraph 3 as to filing its reports and paying its annual license fees, but in avoidance says this is not necessary, as the corporation has dissolved and only brings this action to wind up its business, as is allowed by statute."

Submitted on brief under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).    AFFIRMED.

For appellant there was a brief over the name of *Mr. W. M. Duncan.*

For respondent there was a brief over the name of *Mr. W. H. A. Renner.*

MR. JUSTICE BURNETT delivered the opinion of the court.

2. The plaintiff would excuse itself from payment of the annual license fees mentioned in the plea by reliance upon Section 6699, L. O. L., reading thus:

"All corporations that expire by limitation specified in their articles of incorporation, or are dissolved by virtue of the provisions of Section 6701, or are annulled by forfeiture or other cause by the judgment of a court, continue to exist as bodies corporate for a period of five years thereafter, if necessary for the purpose of prosecuting or defending actions, suits, or proceedings by or against them, settling their business, disposing of their property, and dividing their capital stock, but not for the purpose of continuing their corporate business."

Section 6701, L. O. L., to which allusion is there made, was amended by the act of February 26, 1913

(Laws 1913, c. 238). As thus amended, the latter section provides for dissolution of a corporation by the action of a stockholders' meeting called for such purpose. Certain requirements are there prescribed, relating to the form of resolution to be adopted and the fee to be paid, and the following provision is then made in the act:

"The filing by the secretary of a corporation of proof of the passage of a resolution of dissolution, as hereinbefore provided, shall not be sufficient to absolve such corporation from the payment of any annual license fee required by law, unless the directors of such corporation shall, by a majority vote, have also adopted a resolution to dissolve such corporation, and proof thereof shall have been furnished to the Secretary of State by the written statement of the secretary of such corporation, setting forth a true copy of such resolution and showing the vote by which the same was adopted, and that such corporation is proceeding to dissolve, which statement shall be signed and sworn to by such secretary."

The confession and avoidance in the reply to the plea does not disclose that the steps required by Section 6701 were taken, and consequently amount to nothing more than a conclusion of law. The facts concerning the requirements of the statute should have been alleged, if the plaintiff was proceeding to dissolve, and would thereby escape the payment of fees.

3. Referring again to Section 6699, L. O. L., we observe that the plaintiff does not appear to claim that its corporate existence expired by limitation. Neither is it disclosed that it was annulled by forfeiture or other cause by the judgment of any other court. It was contended that, by the language of that section, the term "forfeiture" was not necessarily controlled or qualified by the words "by the judgment of a court." In

our opinion, however, the converse is true, and the words "forfeiture or other cause" are to be included in the same category, and either or both must be the result of a judgment of a court.    The conclusion on this point is that the plaintiff can claim nothing under the provision of that section.

4. Another contention of the plaintiff is based on Sections 6716–6719, inclusive.    It is said in Section 6716:

"If any corporation organized or formed under, by, or pursuant to the laws of this state, whether now existing or hereafter created * * shall, for two consecutive years, neglect or refuse to furnish to the Secretary of State any statement required to be furnished under any law of this state, or to pay to the State Treasurer any license fee required to be paid under any law of this state, it shall be dissolved in the manner hereafter provided, and all powers conferred by law upon such corporation are hereby declared inoperative and void, unless the Governor shall, for good cause shown to him, give further time for the filing of any such statement and the payment of any such license fee. * * "

This is part of the act of 1905 found in Chapter 172 of the laws of that year.    Other sections of the same statute require that the Secretary of State shall report to the Governor a list of all delinquent corporations on or before the first Monday in January of each year, and that the Governor shall forthwith issue his proclamation declaring such corporations dissolved and their articles of incorporation revoked and repealed.    Publication of the proclamation and other details are required and a penalty provided for any one who shall exercise the corporate powers involved after the issuance of the proclamation.    The construction of this act urged by the plaintiff is that the failure to pay the fees required *ipso facto* works a dissolution of the

corporation, with the result that, for a period of five years thereafter named in Section 6699, it may prosecute or defend actions or suits in the settlement of its business, etc. The statute of 1905 is penal in its nature, and provides for a forfeiture of corporate powers, and must therefore be strictly construed. Reading all the terms of the act together, it is plain that the filing of the list by the Secretary of State and the proclamation by the Governor are integral parts of the process of dissolution which we cannot disregard. From this point of view, therefore, we are still compelled to say that the plaintiff has not shown such a state of affairs as warrants us in saying that it was dissolved to the extent of exempting it from the payment of fees.

5. In our judgment the situation is controlled by Section 6708, L. O. L., which declares:

"No domestic corporation, and no foreign corporation, joint-stock company, or association, which shall have failed to pay the last annual license fee, or any other tax or fee which shall have become due and payable against it, as provided in this act or any law of this state, shall be permitted to maintain any suit, action, or proceeding in any court of justice within this state, while such delinquency shall continue. * * "

In the analogous case of *Hirschfeld* v. *McCullagh,* 64 Or. 502 (127 Pac. 541), we held that under such circumstances the courts would be closed against the offending corporation while its delinquency continued.

6. It is further urged that the defendants waived the plea in abatement by answering to the merits. Since *Hopwood* v. *Patterson,* 2 Or. 49, it has been the rule in this state that a plea in abatement cannot be joined with a plea in bar and must be disposed of before an answer to the merits can be considered: *Le Grande* v.

*Portland Public Market,* 58 Or. 126 (113 Pac. 25);
*Rafferty* v. *Davis,* 54 Or. 77 (102 Pac. 305); *Harrison*
v. *Birrell,* 58 Or. 410 (115 Pac. 141).

7. These precedents would control the case against
the contention of the defendants, if they had in fact
joined the plea in abatement and their defense to the
merits in the same pleading. The record, however,
does not disclose such a condition. Although filed on
the same day, the plea in abatement was in a separate
statement of the defendants' reasons for defeating the
present action while the defenses on the merits were
embodied in an entirely separate document. Under
such circumstances, the only requisite is that the plea
in abatement shall be first considered and determined,
and that was the procedure in this instance. In the
present case this conclusion is strengthened by refer-
ence to Section 6709, to this effect that:

"A plea that any domestic corporation or foreign
corporation, joint-stock company, or association has
not paid any tax or fee required by any law of this
state, and which is then due and payable, may be inter-
posed at any time before trial upon the merits in any
action, suit, or proceeding, and, if issues be joined
upon such plea, the same shall be first tried."

This section plainly contemplates that the mere fil-
ing of an answer to the merits will not of itself deprive
the defendant of the plea in abatement, based upon the
delinquency of the corporation, but that, whenever
such failure of duty appears at any time before the
trial of the action, the defendant may interpose the
plea.

It follows that the judgment must be affirmed.

                                          AFFIRMED.