Argued October 18, appeal dismissed December 12, 1956

McKENNEY ET AL *v.* OREGON AMERICAN
LUMBER COMPANY ET AL

304 P. 2d 426

*Robert A. Leedy,* Portland, argued the cause for plaintiffs-respondents. On the brief were Patterson & Patterson, Seattle, and Pendergrass, Spackman & Bullivant, Portland.

*Randall B. Kester* and *Manley B. Strayer,* Portland, argued the cause for defendants-appellants. With them on the briefs were Hart, Spencer, McCulloch, Rockwood & Davies and Mautz, Souther, Spaulding, Denecke & Kinsey, Portland, for Oregon American Lumber Company; Maguire, Shields, Morrison & Bailey, Portland, for Consolidated Timber Company; Francis E. Sturgis, Hillsboro, for Carnation Lumber Company; Warren A. McMinimee, Tillamook, for Inland Logging Company; G. Russell Morgan, Hillsboro, for Bert Lampa.

LUSK, J.

This is an action to recover damages for the destruction of and injury to timber, logs and logging equipment alleged to have been caused by forest fires originating and spreading through the negligence of the defendants. In addition to answering to the merits, the defendants filed separate pleas in abatement averring that the state of Oregon, Tillamook County, Tillamook Yellow Fir Company, a Michigan corporation, and H. F. Scritsmier and L. A. Scritsmier, doing business as Scritsmier Company, were each of them entitled to receive a portion of the proceeds from the removal and sale of the timber alleged to have been damaged by fire, and were therefore real parties in

interest and necessary parties to any action for damages to such property.

The pleas in abatement were put at issue and tried by the court without a jury, and on October 8, 1953, the court entered findings of fact and conclusions of law and a judgment sustaining the pleas and dismissing the action. On November 19, 1953, the plaintiffs moved for an order setting aside the findings of fact, conclusions of law and judgment, and granting to plaintiffs a new trial based on the ground of the insufficiency of the evidence to support the findings of fact, conclusions of law and judgment. This motion having been argued, the court, on November 30, 1953, rendered its written opinion in the form of a letter addressed to counsel, and which reads:

> "I enclose a copy of an order which I today signed and filed in the above cause, granting a new trial. It is my opinion after reviewing all of the authorities that the plea in abatement should not have been allowed. I believe this case to be analogous to Lenz v. Oregon Growers Co-op Association, 116 Ore., 683, wherein it is said:
>
>> " 'It has several times been announced by this court that a defense that the action is not brought in the name of the real party in interest is only proper where it is alleged and shown that the defendant is cut off from any just offset or counterclaim, and it appears that the defendant will not be fully protected by a judgment in favor of the party suing when the same is satisfied.' "

The order referred to in the foregoing opinion, omitting recitals, reads:

> "IT IS THEREFORE ORDERED AND DECREED that the Findings of Fact, Conclusions of Law and Judgment herein entered on October 8,

1953 will be set aside and plaintiffs are hereby granted a new trial.''

■■ In this state ''the rule is well settled that when an issue of fact or law is joined on a plea in abatement and found for the defendant, the judgment or decree required to be given is that the action or suit be dismissed.'' *La Grande v. Portland Public Market,* 58 Or 126, 128, 113 P 25. As that case holds, a judgment dismissing the action is a final judgment and appealable, but a judgment dismissing a plea in abatement is interlocutory and properly reviewable on appeal from the final judgment. *Hirschfeld v. McCullagh,* 64 Or 502, 509, 127 P 541, 130 P 1131.

■ If, therefore, the court's order of November 30, 1953, setting aside its findings of fact, conclusions of law and judgment, and granting a new trial is, properly interpreted, an order disallowing the pleas in abatement, then this court has no jurisdiction of the appeal. We think that that is the effect which must be given to the order. A new trial in the circumstances disclosed by this record would be an anomaly. The sole question to be determined was one of law and upon facts concerning which there was no dispute. As stated by counsel for the defendants in their brief, ''While the order entered was denominated an order granting a new trial, the reasons given by the court for its ruling show that it was of the opinion that the pleas in abatement should be denied as a matter of law.'' Actually, the court in its opinion announced a ruling on the legal principle involved contrary to that which it had previously held and which inhered in the judgment previously entered. And, by entering an order setting aside its former findings of fact, conclusions of law and judgment, the court, in effect, disallowed and dismissed

the pleas in abatement. The portion of the order which granted a new trial must be regarded as surplusage.

Under this view defendants have attempted to appeal from a nonappealable order, and the appeal must be dismissed and the cause remanded for a trial on the merits.