Argued December 18, 1972, reversed and remanded
February 2, 1973

# DEPARTMENT OF HUMAN RESOURCES, *Appellant, v.* WILLIAMS ET AL (No. 76602), *Respondents.*

505 P2d 936

*Peter S. Herman,* Senior Counsel, Salem, argued the cause for appellant. With him on the briefs were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondents. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe and Kenneth E. Roberts, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and HOLMAN, Judges.

LANGTRY, J.

Plaintiff, State of Oregon, appeals from an order abating its malpractice action for damages against defendant architects. Two interrelated questions are presented: (1) whether the order from which the appeal was taken had the finality to be an appealable order, and (2) whether the dispute growing out of the contract between plaintiff and defendants (defendants were to perform architectural services in the

construction of a food services building at Fairview Hospital and Training Center) is one which must be arbitrated.

The plaintiff contends in its complaint that the contract for the construction of the building was completed by virtue of a final acceptance of the building by plaintiff on September 25, 1968 and a one-year guarantee inspection of the completed building on September 16, 1969,[1] a certificate given for final payment of money under the contract to the contractor by the defendant architects on June 24, 1970, and final payment to the construction contractor on or about July 1, 1970. The complaint alleges that continuing water leaks in the floor between the first and second stories of the building creates a serious sanitation and health hazard which requires replacement of portions of the floor and use of a catering service to feed the Fairview home population during the time the repair work is done, that these general and special damages in a total amount of $292,118 were caused by defendants' negligence, lack of care and professional skill in the designing, planning and supervision of the construction of the building.

It was against this complaint that the plea in abatement prevailed. The defendants rely upon Article IX of the contract between plaintiff and defendants which provides:

"All questions in dispute under this agreement shall be submitted to a board of arbitration composed of three members * * *. Such board shall meet as promptly and frequently as may be

---

[1] It is alleged that the contract between the state and the construction contractor contained a one-year guarantee against defects in workmanship and materials.

necessary in order not to impede progress of the work, and shall, within forty-eight hours after any question is submitted to it, render its findings and recommendations thereon to both the Owner and the Architect."

Defendants also rely upon ORS 33.240 which provides:

"If any action, suit or proceeding is brought upon any issue arising out of an agreement which contains a provision for arbitration of the matter in controversy in such action, suit or proceeding, then, upon application, any judge of a circuit court, upon being satisfied that the issue is referable to arbitration, shall abate the action, suit or proceeding so that arbitration may be had in accordance with the terms of the agreement * * *."

Plaintiff contends that inasmuch as the contract was fully performed the arbitration provision was no longer effective and relies upon Article XI of the contract which provides:

"On full performance this contract and agreement shall terminate, and each of the parties shall thereafter be relieved of any further obligation hereunder. Full performance shall be determined by the issuance of the last certificate of payment and upon receipt by the Owner of the Architect's final report, his certification that the work covered by this agreement is properly completed, and upon the acceptance by the Owner of the completed building."

Neither question presented by this appeal can be determined without reference to the other. We first refer to whether the order on the plea in abatement is that kind of final order upon which an appeal can be taken. ORS 19.010 provides:

"(1) A judgment or decree may be reviewed on appeal * * *.

"(2) * * * [T]he following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"* * * * * *."

■ By the terms of Article XI quoted above, (if the allegations are proved) it appears that the contract was fully performed by the architects' "certificate of payment" to the contractor and making the final payment on or about July 1, 1970. Article XI provides that on full performance the contract shall terminate and the parties shall "be relieved of any further obligation hereunder * * *." When this provision is read in conjunction with that part of Article IX which provides that the Board of Arbitration shall meet as frequently as necessary in order not to impede progress of the work, it is clear that the requirement for arbitration of disputes was to end with full performance of the contract. The legal responsibilities that might exist between the parties after and as a result of the performance of the contract could be manifold, including ones of the nature alleged here. To say they are wiped out by the language of Article IX, or that the only recourse to enforce them is by way of arbitration, is to do violence to the intent clearly expressed in the contract.

■■ The arbitration of a dispute with the finality placed upon arbitration by ORS ch 33 cannot be equated with a litigant's remedy at law for a wrong. This conclusion is consistent with the opinion in *Wagner v. Columbia Hospital Dist.*, 259 Or 15, 485 P2d 421 (1971), and spelled out in more detail in the opinions in *Skidmore, Owings & Merrill v. Connecti-*

*cut General Life Ins. Co.,* 25 Conn Supp 76, 197 A2d 83 (Super Ct 1963) ; *Thorgaard Plumbing v. County of King,* 71 Wash 2d 126, 426 P2d 828 (1967) ; *Madison v. Frank Lloyd Wright Foundation,* 20 Wis 2d 361, 122 NW2d 409, 20 ALR3d 545 (1963). We conclude that the dispute which is the subject of the complaint in this case is not referable to arbitration under ORS 33.240 because the contract did not call for its arbitration. Therefore, the court had no authority to abate the action.

■ When a contract which does not provide for arbitration is improperly referred to arbitration, it prevents any right of trial on the merits by a court. Thus the order requiring arbitration is appealable because it is "[a]n order affecting a substantial right," and "in effect determines the action or suit so as to prevent a judgment or decree * * *" after trial by a court. ORS 19.010. We have answered the second question in the discussion leading to the answer of the first question (in the first paragraph above).

Reversed and remanded with instructions to set aside the order of abatement and proceed with the action at law.