TRANSCO NORTHWEST, INC., *Appellant,*
*v.*
ALLIED EQUITIES CORPORATION, *Respondent.*
552 P2d 824

*John R. Faust, Jr.,* Portland, argued the cause for appellant. With him on the briefs were Thomas L. Gallagher, Jr.; Hardy, Buttler, McEwen, Weiss & Newman.

*James N. Westwood,* Portland, argued the cause for respondent. With him on the brief were Fredric A. Yerke; Miller, Anderson, Nash, Yerke & Wiener.

McALLISTER, J.

## McALLISTER, J.

The plaintiff Transco Northwest, Inc., brought this suit to foreclose its mechanic's lien to collect the balance owing for materials, equipment and services furnished by plaintiff in the construction of an industrial plant on defendant's land. Plaintiff sought a judgment against defendant Allied Equities Corporation and a decree foreclosing its lien.

Defendant filed a plea in abatement and answer to plaintiff's complaint. In its plea in abatement defendant alleged that during the course of construction of the plant or thereafter certain disagreements arose out of the contract and an alleged breach thereof by plaintiff. Defendant also alleged that these disagreements had not been resolved. Defendant alleged that the contract between plaintiff and Allied Equities for the construction of the improvements contained the following provision:

> "52. ARBITRATION—Any disagreement arising out of this contract or from the breach thereof shall be submitted to arbitration, and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other. The arbitration shall be under the Rules of the American Arbitration Association."

Defendant prayed that the plaintiff's suit be abated pursuant to the contract paragraph quoted above.

Plaintiff then filed a reply with four affirmative defenses, including the following:

> 1. That plaintiff and defendant had entered into a full and complete settlement of all the disagreements set forth in the plea in abatement.
>
> 2. That plaintiff had relied on this settlement in failing to include in its claim of lien $15,510 which it would have claimed in the absence of the settlement agreement.
>
> 3. That defendant had accepted the work and that the contract provides that acceptance is conclusive.

Defendant demurred to the affirmative defenses alleged in the reply. The trial court sustained defendant's demurrer and plea in abatement and ordered plaintiff's suit abated pending arbitration. Plaintiff appeals.

■ We conclude that the trial court erred in sustaining the demurrer, and that the case must be remanded. The demurrer admitted, for purposes of the ruling, all of the allegations of the reply, including the allegations that the parties had entered a settlement agreement which "was intended to and did settle and compromise all of the disagreements" referred to in the plea in abatement. If in fact the parties had reached a settlement of their disagreements arising under the contract, there would be nothing to arbitrate. The trial court should have overruled the demurrer, since the affirmative allegations of the reply, if proved, were sufficient to avoid the obligation to arbitrate.

Defendant has contended that, regardless of the correctness of the trial court's order, it is not final and appealable, and that we should dismiss the appeal without reaching the merits. We do not dismiss the appeal in this case, for reasons which we explain below, but we have concluded that similar appeals will not be permitted in future cases unless proper procedures have been followed in the trial court. ORS 19.010(2)(a) provides that an order is final and appealable if it is

"An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein."

In *Wagner v. Columbia Hospital Dist.,* 259 Or 15, 485 P2d 421 (1971) we held that an order similar to that now before us was appealable. It there appeared that the plaintiff was not a party to the arbitration agreement and that there was a substantial showing that she could not obtain fair representation in the arbitration proceeding. Under the circumstances, we held that the order of abatement affected a substantial

right of plaintiff and would effectively prevent a judgment in her favor.

In the present case, however, there are no unusual circumstances like those in *Wagner,* and the order before us is not final under the test set out in the statute. It orders the action abated "pending arbitration," and makes no final disposition of the rights of the parties. The eventual determination of their rights in this suit must, under the order, await the completion of arbitration proceedings.

ORS 33.240 provides:

> "If any action, suit or proceeding is brought upon any issue arising out of an agreement which contains a provision for arbitration of the matter in controversy in such action, suit or proceeding, then, upon application, any judge of a circuit court, upon being satisfied that the issue is referable to arbitration, shall abate the action, suit or proceeding so that arbitration may be had in accordance with the terms of the agreement. The application shall be heard similarly to hearings on motions."

In the present case defendant chose to meet plaintiff's complaint with an answer containing a plea in abatement which raised the issue of the parties' agreement to arbitrate. Plaintiff countered with a reply which alleged, in essence, that the parties had already settled their differences by agreement, leaving no disputes to be referred to arbitration. Defendant demurred, thereby admitting the allegations of the reply. The only alternative would have been not to file a responsive pleading (our statutes permit none after the reply), but to go to trial, thus putting at issue the affirmative allegations of the reply.

■ We do not construe ORS 33.240 as requiring or contemplating such a procedure. That statute does not require a plea in abatement; rather, it calls for an "application" to the court to "abate" the case, which application is to be heard "similarly to hearings on motions." The issue to be determined in the hearing is whether the dispute between the parties "is referable to arbitration." This question may involve issues of

fact relating to the nature of the disagreement between the parties and the intended scope of the arbitration agreement. The procedure at the hearing, then, should accommodate the determination of issues of fact as well as questions of law.[1]

█ █ If, after the hearing, the trial court determines that the disagreement is one which the parties have agreed to arbitrate, the court should "abate the action, suit or proceeding." "Abate," in this context, we construe to mean terminate or bring to an end. This is a common meaning of the term (see 1 Words and Phrases, "Abate, Abatement" at 165-168), and the arbitration statutes, when read as a whole, support our conclusion that the legislature intended that meaning here.[2] Those statutes expressly provide for separate proceedings for obtaining an order directing a recalcitrant party to arbitrate (ORS 33.230, 33.250), obtaining judgment on the arbitrators' award if uncontested (ORS 33.310) and obtaining initial and appellate judicial review of an award to which exceptions have been taken (ORS 33.330, 33.340). Normally, there is no need for the trial court, in a case like this one, to retain

[1] See, for example, ORS Chapter 32, which authorizes the presentation of affidavits and other evidence in support of and in opposition to applications for preliminary injunctions.

[2] In *Klamath Lumber Co. v. Bamber,* 74 Or 287, 289, 142 P 359, 145 P 650 (1915) this court said:

"* * * As used in reference to actions at law, the word 'abate' means that the action is utterly dead and cannot be revived except by commencing anew * * *."

Although, so far as we can determine, no Oregon case has so held, it has been suggested that the same is true in suits in equity:

"In this state 'the rule is well settled that when an issue of fact or law is joined on a plea in abatement and found for the defendant, the judgment or decree required to be given is that the action or suit be dismissed.' *LaGrande v. Portland Public Market,* 58 Or 126, 128, 113 P 25." *McKenney v. Oregon Am. Lbr. Co.,* 209 Or 140, 143, 304 P2d 426 (1956).

We do not here suggest that an action or suit, if abated, must invariably terminate in a final judgment or decree for defendant regardless of the reason for the abatement. The flexibility of modern practice would be unduly hampered by such a general rule. Our discussion here is limited to a construction of "abate" as used in ORS 33.240, where no provision is made for further proceedings in the same case and no procedural distinction is made between actions and suits.

jurisdiction during the arbitration proceedings. Unless there are unusual circumstances the trial court should not retain jurisdiction during the arbitration proceedings but should, upon determining that an action or suit is unauthorized because of an arbitration agreement, terminate the case by decree or judgment.

Following this procedure will provide not only a final judgment or decree which may be appealed prior to arbitration, but also a factual record, when appropriate, upon which the trial court can base its ruling and the appellate court can exercise review. Under the procedure actually employed here, the only question before us on appeal is whether the affirmative allegations of the reply are sufficient, if true, to avoid the alleged contractual obligation to arbitrate. We have held that they are sufficient. The trial court must now determine whether the parties have, in fact, entered an agreement which has the scope and effect which plaintiff alleges. If plaintiff's proof is insufficient to support the important allegations of the reply, the trial court will again have to refer the dispute to arbitration and dismiss the suit, raising the possibility of a second appeal before arbitration proceedings can begin.

If arbitration proceedings are to be postponed during an appeal on the question of the obligation to arbitrate, it is highly desirable that a single appeal, if possible, settle that question authoritatively.[3] The procedure called for by ORS 33.240, as we here construe it, will provide the basis for such an appeal. Although the fact was not expressly noted in the opinion in *Wagner v. Columbia Hospital Dist., supra,* a procedure

---

[3] We realize that there is a substantial policy argument that appeals should not be permitted to delay resort to arbitration, once a court has determined that a dispute is arbitrable. See *Maietta v. Greenfield,* 267 Md 287, 297 A2d 244 (1972), construing Section 19 of the Uniform Arbitration Act. However, in the absence of a statute specifically regulating appeals from orders concerning arbitration, courts have generally considered questions of appealability in light of their own jurisdiction's general rules governing appeals. See Domke, *The Law and Practice of Commercial Arbitration* 176-178, §18.06.

like that we outline here was followed in that case. In ruling on the application for an order of abatement, the trial court had the benefit of affidavits as well as of the allegations of the parties, and those affidavits were before this court on appeal.

■■ Because there appears to have been some confusion about the procedures to be followed when the issue of an obligation to arbitrate is raised in a pending case[4] and because no purpose would be served in the present case by remanding for entry of a decree of dismissal, we have treated the present case as though the suit had been fully abated and the appeal properly before us. In the future, however, we will not indulge in piecemeal review of arbitration questions in cases of this kind, but will require that questions of arbitrability be appealed from an order which properly determines the factual as well as the legal questions involved and which, unless there are specific reasons for retaining jurisdiction in the trial court pending arbitration, finally disposes of the rights of the parties to the pending case.

Reversed and remanded.

---

[4] In *Dept. of Human Res. v. Williams,* 12 Or App 133, 505 P2d 936 (1973), the procedure employed was similar to that employed in this case. The Court of Appeals, in *Williams,* determined that the order of abatement was appealable. To the extent that *Williams* is inconsistent with this opinion, it is disapproved.