Submitted on briefs May 24, affirmed September 3, 1976

FARMERS INSURANCE COMPANY, *Appellant,*
*v.*
LOTCHES et al, *Respondents.*

554 P2d 169

Howard K. Beebe, of Beebe, Kosta & Brant, Klamath Falls, for the appellant.

Sam A. McKeen, Klamath Falls, for respondents Sylvia Buschman and Robert Buschman.

No appearance for respondents Ernie Lotches and Lumbermens Mutual Casualty Company.

HOLMAN, J.

## HOLMAN, J.

This is an appeal by Farmers Insurance Company from an order of the trial court effectively terminating its declaratory judgment action.

The pleadings disclose that Farmers issued a policy of automobile liability insurance to its named insured, Hutchinson. The policy provided that Farmers would insure anyone using Hutchinson's vehicle with his consent. The driver, Lotches, while using Hutchinson's vehicle, was involved in an accident with a vehicle operated by Sylvia Buschman, who was injured. Mrs. Buschman commenced an action against Lotches and Hutchinson for damages which she claimed were caused by the negligence of Lotches. She alleged that Hutchinson was responsible under the family use doctrine since Lotches was driving the vehicle with the consent of Hutchinson for a family purpose. Her husband, Robert Buschman, has an unfiled claim for loss of consortium. Lumbermens Mutual Casualty Company is an insurer of the Buschmans and has an unfiled claim by way of subrogation for sums it has paid to the Buschmans under their policy.

Farmers commenced an action for a declaratory judgment, naming as defendants Lotches, the Buschmans and Lumbermens Mutual. Hutchinson was not joined either as a party plaintiff or as a party defendant. Farmers requested a declaration that it is not required under its policy to defend Lotches or to pay any judgment returned against him arising out of the accident because he was operating the vehicle without the consent of Hutchinson, the owner and named insured. Defendants Lotches and Lumbermens Mutual filed answers to the merits. Defendants Buschman filed a document labeled a "plea in abatement," alleging that the question of whether Lotches was operating the vehicle with Hutchinson's consent was determinative both of Hutchinson's liability and of plaintiff's duty to defend Lotches and to pay any judgment against him. They therefore contend that the factual issue of

consent, being common to both cases, should be litigated in the action which Mrs. Buschman had instituted against Lotches and Hutchinson. Farmers demurred to the Buschmans' plea in abatement; the trial court overruled the demurrer and, upon Farmers' refusal to plead further, ordered that the "above entitled action abate." Farmers appealed.

■■ We shall not concern ourselves with whether the pleadings used represent the proper way to present to the trial court the issue sought to be litigated because neither of the parties raises the issue. The Buschmans, however, contend that an appeal will not lie from the order of abatement. There is no hard and fast rule about when such an order is appealable. Appealability depends upon the extent of finality which is engendered by sustaining the plea, taking into consideration the particular circumstances.[1] In this instance the court's action effectively terminated the declaratory judgment proceeding. Under such circumstances the order of abatement fulfills the requirements of finality of ORS 19.010(2)(a).[2]

■ We are not sure why the trial judge decided to terminate the declaratory judgment proceeding. However, it is our opinion it was within his authority not to allow Farmers to proceed because the named insured,

[1]The following are cases which concern the appealability of a decision upholding a plea in abatement. No one case is particularly persuasive of any specific result in the present case except that together they demonstrate that many such holdings have been held appealable, the modern cases taking into consideration whether the requirements of ORS 19.010(2)(a) have been substantially complied with under the circumstances. *Transco Northwest v. Allied Equities Corp. et al,* 275 Or 675, 552 P2d 824 (1976); *Wagner v. Columbia Hospital Dist.,* 259 Or 15, 29, 485 P2d 421 (1971); *McKenney v. Oregon Am. Lbr. Co.,* 209 Or 140, 143, 304 P2d 426 (1956); *Klamath Lumber Co. v. Bamber,* 74 Or 287, 289, 142 P 359, 145 P 650 (1915); *La Grande v. Portland Public Market,* 58 Or 126, 113 P 25 (1911); *Dept. of Human Res. v. Williams,* 12 Or App 133, 138, 505 P2d 936 (1973).

[2]ORS 19.010(2)(a) provides as follows:

"For purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein."

Hutchinson, was made neither a party plaintiff nor a party defendant. The issue of consent by Hutchinson to Lotches' use of the vehicle, if it is going to be tried in the declaratory judgment proceeding, should be binding upon all participants for all purposes in the total litigation arising from the accident. The same factual question is determinative of Farmers' legal duties to Lotches under its contract with Hutchinson and of Hutchinson's liability to the damaged parties for any negligence of Lotches. Because Hutchinson was not made a party to the declaratory litigation, he would not be bound by the result and would remain free to continue to litigate the issue of consent in any action against him. The termination of such an inconclusive declaratory proceeding is within the authority of the trial court. Without Hutchinson as a party, the declaration would not terminate the controversy or uncertainty and its purpose would be thereby defeated. As stated in Borchard, Declaratory Judgments 256-57 (2d ed 1941):

"The absence of parties the court deems necessary to this tranquilizing function would thus cause the declaratory action to fail of its purpose, so that the court is likely to dismiss without prejudice an action in which necessary parties have failed of joinder. * * * [C]ourts properly decline to make declarations between parties when others, not bound, might later raise the identical issue and deprive the declaration of that final and pacifying function it is calculated to subserve." (Footnotes omitted.)

ORS 28.110 provides, in part, as follows:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. * * *."

This language has been interpreted as follows in *Stanley, Adm. v. Mueller,* 211 Or 198, 202, 315 P2d 125, 71 ALR2d 715 (1957):

"In our opinion the mandatory 'shall' in this statute should be given its ordinary effect by the courts. We think that under this provision the courts have no authority to

make a declaration unless all persons 'who have or claim any interest which would be affected by the declaration' are parties to the proceeding. * * *."

While the mandatory language of *Stanley* may be too broad, at least the trial court had authority to terminate the action.

The judgment of the trial court is affirmed.